SPILLER v. W. J. MANN & CO. (No. 99.)

(Court of Civil Appeals of Texas. Beaumont. March 9, 1916.)

1. CHATTEL MORTGAGES 〰117—CROPS—INTEREST IN RENTS.

A mortgage of crops to be grown on certain places during a certain year by mortgagor, or those in his employ or under his control, and of the rent note on one of the places for that year covers all interest of the mortgagor in the rents for that year on that place.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 202; Dec. Dig. 〰 117.]

2. CHATTEL MORTGAGES 〰48—CROPS—DESCRIPTION OF PREMISES.

Description of the premises in a mortgage of the crops to be grown on the "Lewis place" owned by the mortgage in a certain county, it being long and notoriously so known, is sufficient to be notice.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 93–95; Dec. Dig. 〰 48.]

Appeal from Montgomery County Court; W. M. Williams, Judge.

Action by W. J. Mann & Co. against Charles Spiller and others. From judgment for plaintiff, the named defendant appeals. Affirmed.

W. B. Browder, of Willis, for appellant. A. L. Kayser, of Conroe, for appellee.

BROOKE, J. There is practically an agreement between the parties as to the facts in the case. The suit is by W. J. Mann & Co., appellee, against J. F. Johnson, one of the defendants, upon his promissory note of date November 24, 1913, for the sum of $737, due October 1, 1914, said note being executed for the purpose of obtaining goods and supplies furnished by Mann & Co. to Johnson, and the note was secured by a chattel mortgage of even date upon the crops of cotton and corn grown upon said tracts of land, rent for the year 1914, as set out in said chattel mortgage, appellee claiming by virtue thereof a lien upon said crops to secure payment of said note.

The appellant, Spiller, it is alleged, converted to his own use nine bales of said cotton, with notice of the lien thereon which appellee claimed and held against the cotton. The cotton was alleged to be of the value of $50 per bale. Spiller denied that appellee had a lien against the cotton, and claimed ownership of the same under a rent note executed on the 29th day of January, 1914, by James Johnson to J. F. Johnson, due the 1st day of October, 1914, for rent for the year 1914 of about 100 acres of cleared land belonging to the said J. F. Johnson, and situated about two miles northwest of the town of Willis, said note being for the sum of $300.

It was shown that Jesse Campbell, to whom J. F. Johnson originally rented the place for the year 1914, and who executed said original rent note, never went upon the farm, the Lewis place, and did not grow any crops of cotton or corn on said place during the year 1914, but that the cotton grown on said Lewis place during the year 1914 was raised by James Johnson, who rented the land after Campbell failed to go upon the same, and who gave his rent note for $300 to J. F. Johnson on January 29, 1914, due October 1, 1914, as above set out, and that said note was transferred on February 12, 1914, to one F. A. Lichter, who thereafter transferred the same to appellant Spiller.

Trial was had before the court, which resulted in judgment against the defendant J. F. Johnson in the sum of $701.09, and against the defendant Spiller for $314, the value of the rent cotton raised on the Lewis place during the year 1914.

There is no controversy over the value of the nine bales of cotton, and the only question necessary to be decided is whether or not the mortgage given by the defendant J.

F. Johnson to appellee covered this cotton. The mortgage is as follows:

"The State of Texas, County of Montgomery.

"Know all men by these presents: That whereas, I, J. F. Johnson of above state and county of Montgomery, own 100 acres of J. W. Bird place, 127 acres Lewis place, 90 acres of Cook place, situated in justice's precinct No. —— in said county; 87 acres of said land is cultivated and to be cultivated by me during the year 1914; said land is to be planted in corn and cotton, about 62 acres in cotton and 25 acres in corn.

"And whereas I, the said J. F. Johnson, do desire to obtain advances in goods, provisions, etc., during the year 1913, to enable me to make a crop on said premises, W. J. Mann & Co., successors to Smith & Mann, merchants of Willis, Tex., have agreed to make, to an amount of $10 'Dollars' more or less, as the same shall from time to time be required by me and agreed to by said W. J. Mann & Co., successors to Smith & Mann.

"Now, therefore, in consideration of the premises, and the further consideration of the sum of $1 to me in hand paid by the said Smith & Mann and to secure the payment of said advances, and also the payment of my promissory note for the sum of seven hundred thirty-seven and no/100 dollars, dated November 24, 1913, with interest thereon at the rate of 10 per cent. per annum from the 1st day of October, 1914, I have this day bargained and sold and by this instrument do bargain and sell and convey unto the said W. J. Mann & Co., successors to Smith & Mann, their heirs and assigns and legal representatives, all the crops of cotton and corn now planted or hereafter to be planted and grown on said premises, by me or those in my employ or under my control, during the year 1914, aforesaid. Also, I do by these presents, for the consideration above named, and in addition to said crops hereby bargain and sell unto the said W. J. Mann & Co., successors to Smith & Mann, their heirs, executors, administrators, and assigns the following described rent notes, etc., to wit: one year's rent on the Lewis place for 1914; one year's rent on the Lewis place for 1915. Both of the above amounts in rent note and contract given by Jesse Campbell to J. F. Johnson for 5 years, 1914, 1915, 1916, 1917, and 1918. 1 rent note given by Henry Hood and Julia McPherson for $200 on the J. W. Bird place, to have and to hold the same, all and singular, forever: Provided, however, that if the said indebtedness above mentioned shall be fully paid and discharged on or before the 1st day of October, 1914, then this conveyance shall be null and void. But if the said indebtedness, or any part thereof, is not paid and discharged as above stipulated, the said W. J. Mann & Co., successors to Smith & Mann, their heirs or assigns or legal representatives shall have the right, with or without any legal process, to take possession of the above-described property, wherever the same may be found, or any part thereof, wherever such may be found, and for that purpose to enter upon the above-described premises, or any other premises occupied by me, the said J. F. Johnson, upon which said property or any part thereof may be found. And the said W. J. Mann & Co., successors to Smith & Mann, their heirs or assigns, or legal representatives, having taken said property in possession, shall have the right and they are hereby fully authorized and empowered to sell the same in the manner that personal property may by law be sold under execution, and apply the proceeds of said sale to the payment of the expense of said sale and the taking possession of said property, and 10 per cent. additional of the amount due for attorney's fees, and to the payment of said indebtedness, or any part thereof that may remain unpaid, to the extent that the proceeds of said sale will pay, and the surplus, if any, pay over to the person entitled thereto.

"It is further agreed that the indebtedness secured by this instrument is due and payable in Willis, Montgomery County, Texas. And it is further agreed that if any default is made in the payment of either the note or account which this mortgage is given to secure, then 10 per cent. attorney's fees are to be added if said note or account is collected by suit.

"Witness my hand on this the 24th day of November, A. D. 1913.

                          "[Signed]    J. F. Johnson.

"Attest:
    "E. A. Watson.
    "M. G. Powell."

    Indorsed:
"No. 147.   Vol. S, page 32.
"$10.00.
"Note, $737.00.
"J. F. Johnson.
"Montgomery Co.
"W. J. Mann & Co., successors to Smith & Mann. Mortgage.
"Filed for registration January 14, 1914, at 9 o'clock a. m.

                "W. F. Griffin, Co. Clerk,
                    "Montgomery Co., Tex."

It will be seen that the said mortgage was of record in Montgomery county before the $300 note was executed.

The court filed the following findings of fact and conclusions of law:

### "Findings of Fact.

"I find that the defendant, J. F. Johnson, is indebted to the plaintiffs in the amount set out in their petition upon the promissory note executed by him on the 24th day of November, 1913, and due on the 1st day of October after its said date, and payable to plaintiffs as in their petition alleged; that there is now due, owing, and unpaid, on said indebtedness principal, interest, and attorney's fees the sum of $701.90.

"I find that, at the time of execution and delivery of said note, the defendant, J. F. Johnson, made, executed, and delivered, for the purpose of securing the same, a certain chattel mortgage and assignment, of even date with said note, wherein and whereby the plaintiffs, W. J. Mann & Company, were given a lien upon all crops of corn and cotton grown upon the 'Lewis Place' for the year 1914, by the said Johnson or those in his employ or under his control, as well as all rent upon said place for said year, this being the place upon which said Johnson resided, and being located about a mile or a mile and a half northwest of the town of Willis in Montgomery county.

"I find that the place mentioned in said instrument aforesaid as the 'Lewis Place' is notoriously known in that community and that vicinity and has been known for the past 24 years as such; and that the said J. F. Johnson resided thereon during the years 1913 and 1914.

"I find as a fact that it was the intention of the parties to said mortgage contract, aforesaid, that said mortgage should and that the same did cover all of the interest of the said J. F. Johnson in and to the crops of corn and cotton to be grown on said 'Lewis Place' for the year 1914, including all rent due said Johnson as landlord from any person renting said place or part thereof from said year 1914. Mortgage aforesaid was duly registered in the chattel mortgage records of Montgomery county, Texas, on the 14th day of January, 1914.

"I find that the defendant, J. F. Johnson, leased to James Johnson on the 29th day of January, 1914, all or nearly all of said Lewis place upon which he then lived, describing it as 'about 100 acres of cleared lands of said J. F. Johnson at his home place about one mile northwest of

the town of Willis for the year 1914. This does not include in said cultivated lands the dwelling house and other houses used in connection therewith and about 20 acres of land next to dwelling house on north side of branch of creek through the field,' taking the note of the said James Johnson in the sum of $300 to cover said rent on said place for said year 1914; that said note was indorsed and transferred to —— Lichter, it being due the 1st of October, 1914, and was by said Lichter indorsed without recourse and was in the latter part of September, 1914, acquired by the defendant, Charles Spiller.

"I find that Dr. Charles Spiller acquired the James Johnson rent note from Lichter at a discount, crediting Lichter upon a pre-existing debt then due the said Spiller by Lichter.

"I further find that the mortgage above referred to from the defendant J. F. Johnson to the plaintiffs, W. J. Mann & Company, of date November 24, 1913, was sufficient in point of description of property and the interest of the mortgagor sought to be covered for the registration thereof to carry constructive notice to all parties subsequently dealing with the said defendant J. F. Johnson, with reference to the crops grown on said Lewis place by the defendant J. F. Johnson, or those in his employ or under his control, and also all rent due on said premises for the year 1914, and that the defendant Spiller had notice of plaintiff's claim at the time he acquired the note from Lichter.

"And I further find that said mortgage aforesaid discloses sufficient facts upon its face to put an ordinarily prudent person upon inquiry, and that such inquiry prosecuted with ordinary diligence would have disclosed all the facts as to said transaction between the defendant J. F. Johnson and the plaintiff, W. J. Mann & Company.

"I find that the Lewis place mentioned in the mortgage aforesaid and the premises mentioned in the rent note held by the owner thereof and resided thereon during the years 1913 and 1914; that the defendant Spiller has resided within five miles of said place practically all his life, and that during the years 1913 and 1914, among other things, he was engaged in furnishing farmers goods and supplies with which to make a crop.

"I further find that the nine bales of cotton sued for were grown upon said premises, being the premises mentioned in the mortgage aforesaid, which are the same premises mentioned in the James Johnson rent note held by the said Spiller, during the year 1914, the same being cotton due the landlord or his assignee, under the rent contract made by the said Jas. Johnson with the defendant, J. F. Johnson, on the 29th day of January, 1914; and I find that this was the cotton covered and intended to be covered by the mortgage given by the defendant J. F. Johnson to the plaintiffs, W. J. Mann & Co., on the 24th day of November, 1913, and duly registered on the 14th day of January, 1914.

"I further find that said nine bales of cotton were converted by defendant Spiller and appropriated by him, and sold on the open market, and cannot now be found, substantially alleged in plaintiff's petition, and that at the time of such conversion same was of the reasonable market value of $314.

"I further find that the defendant Spiller was not an innocent purchaser of the James Johnson rent note for value and without notice of plaintiff's claim.

## "Conclusions of Law.

"I conclude that the defendant J. F. Johnson is indebted to the plaintiffs in the sum of $701.-90, principal, interest, and attorney's fees, upon his certain promissory note of date November 24, 1913, due October 1st thereafter, for which amount they were entitled to judgment against him.

"I conclude as a matter of law that the plaintiffs had a valid, subsisting, and unsatisfied lien against the nine bales of cotton sued for, which was prior to any claim or lien of the defendant Spiller thereon, and of which he was charged with notice, and that the plaintiffs are entitled to recover the value of said nine bales of cotton so converted and appropriated by the said defendant Spiller in the sum of $314.

"I further conclude that, as the said defendant Spiller was not a purchaser for value of the said Jas. Johnson rent note, the plaintiffs are entitled to recover the value of said cotton, regardless of the question of notice of their claim."

[1, 2] The view we take of the case is that the mortgage, upon its face, was intended to cover and did cover all interest that J. F. Johnson had in the rents for the year 1914 on the Lewis place, and that the said instrument was notice to all the world of that fact. It would be useless and would serve no good purpose to go into detail as to how said conclusion has been reached, because the instrument speaks for itself; and the only reasonable construction of which it is capable is that a lien had been given, upon all of the rent due for the year 1914, the said J. F. Johnson upon said Lewis place. The conclusions reached by the trial court are, in our judgment, correct, and the appellant's first assignment of error, to the effect that the description of the property and premises in said mortgage is too general, vague, and indefinite to be notice, is without merit, and same is overruled.

Appellant's second to sixth assignments of error raise the question with reference to the sufficiency of the evidence, and what we have heretofore said disposes of said assignments. They are therefore overruled.

There being no error shown in this record to have been committed by the trial court, the judgment is in all things affirmed, and it is so ordered.