BETHEA *v.* JEFFRES.

## Opinion delivered November 20, 1916.

CROPS—RIGHT OF TRESPASSER WHO RAISES AND SEVERS CROP.—Where one who raises a crop upon land which he holds adversely, the crop being the result wholly of his own labor or that of his tenant, and where he has severed and removed the crop from the premises while still in possession, the title to the crop is in him, and the only remedy of the owner of the land is his action for mesne profits.

Appeal from Bradley Circuit Court; *Turner Butler*, Judge; affirmed.

#### STATEMENT BY THE COURT.

This is an action of replevin instituted in the circuit court by Noah L. Bethea against W. H. Jeffres to recover two bales of cotton, 1,500 pounds of the cotton in the seed, 2,000 pounds of cottonseed and 60 bushels of corn.

The case was tried before the court sitting as a jury. The court found the facts as follows:

On September 21, 1915, Noah L. Bethea entered a certain 40-acre tract of land at the United States land office as an adjoining homestead, and obtained a certificate of entry, but has not yet received his patent. The land had been claimed by various parties for 30 years prior to the date of plaintiff's entry, and thirty acres of it had been in cultivation during this time. The land was cultivated by the various parties claiming to own it or by their tenants.

W. B. Bethea conveyed the land to Arthur O. Plair; Arthur O. Plair and Lillie Plair, his wife, conveyed it to Orie Plair. In November, 1914, after the land had been conveyed to him, Orie Plair leased it to W. H. Jeffres for the year 1915. Jeffres entered into possession of the land under his lease, and prior to the institution of this suit, October 19, 1915, he had planted, cultivated and gathered the crop which is the subject-matter of this suit. Noah L. Bethea knew when Jeffres rented the land, and also knew that he raised a crop on it in 1915.

Arthur O. Plair was killed on February 14, 1915, and left surviving him Lillie Plair, his widow. After his death, W. B. Bethea purchased from Lillie Plair, all of her claim to said land, and made application to enter it at the United States land office. Later W. B. Bethea withdrew his application to enter said land in favor of Noah L. Bethea, who entered it on the date above stated.

The record warranted the court in finding the facts as stated. The court rendered judgment dismissing the complaint of the plaintiff, and the latter has appealed.

*E. E. Williams,* for appellant.

1. Appellee was not in possession, as an actual occupant of the land, as is meant by the law giving to actual occupants rights in public lands. 121 Fed. 1. Demand before suit is of no importance when defendant is claiming the crop as his own and has appropriated it to his own use. 94 Ark. 1.

2. Appellee did not reside on the land. The land office issued to appellant the receipt and whether it did it rightfully was a question for it to decide under the rules of the office, and the State courts have no jurisdiction. 36 Ark. 471; 41 *Id.* 465.

3. The court erred in its declaration of law. This case is ruled by 14 Ark. 286; 23 *Id.* 19; 32 Am. Dec. 324.

*B. L. Herring,* for appellee.

1. 14 Ark. 286 is not in point.

2. Where a disseizin or trespasser enters upon land of another and plants, cultivates and harvests a crop while he is in possession, it is his crop, and the owner of the land can not recover in replevin. 8 R. C. L., p. 366, § 11; 12 Cyc. 977; 110 Pac. 911; 128 N. W. 691; 99 Pac. 578.

3. There is no error in the court's finding or declaration of law.

HART, J., (after stating the facts). There are authorities which hold that where a crop is sown by a trespasser, and is by him cultivated and severed, it

becomes the personal property of the severer as against the owner of the land. 8 R. C. L., p. 366, and cases cited. But it is not necessary for us to pass upon this proposition; for it is not involved in this case.

Jeffres leased the land from Orie Plair, who claimed to be the owner of it. He planted, cultivated and harvested the crop while he was in possession of the land. The rule in such cases is that, with respect to crops which are the result wholly of the labor of the person holding adversely or his tenant, and which he has severed and removed from the premises while still in possession, the title is in him, and that the sole remedy of the owner of the land is his action for mesne profits. It has been said that it would be an oppressive rule to require every one who may be found to have a bad title to pay the gross value of all the crops he has raised; and it would be an inconvenience to the public if the bad title of the farmer to his land attached to the crops he offered for sale, and rendered it necessary to have an abstract of his title to make it safe to purchase his produce. *Page* v. *Fowler*, 39 Cal. 412, 2 Am. Rep. 462; *Phillips* v. *Keysaw* (Okla.), 56 Pac. 695; *Brothers* v. *Hurdle*, 32 N. C. 490; *Faulcon* v. *Johnston*, 102 N. C. 264, 11 Am. St. Rep. 737; *Waltenbarger* v. *Hall* (Okla.), 110 Pac. 911; *Lynch et al.* v. *Sprague Roller Mills* (Wash), 99 Pac. 578. See 12 Cyc. 977.

Counsel for plaintiff seeks to reverse the judgment upon the authority of *Floyd* v. *Ricks*, 14 Ark. 286; but we do not think the case sustains the contention of counsel. The facts in that case show that the purchaser of the land had entered into possession of it, and had taken charge of the crop and applied it to his own use. Suit was brought by the maker of the crop, who was a trespasser, against the purchaser in possession for conversion. The settler had nothing beyond a mere naked possession, and the court held that he could not recover.

The judgment will be affirmed.

Humphreys, J., not participating.