## EADES *v.* SIMPSON.

### Opinion delivered January 29, 1917.

1. CHATTEL MORTGAGES—MORTGAGE OF CROP—DESCRIPTION.—A mortgage on a certain crop described the property as a crop of corn and cotton "amounting to twelve acres to be grown on the farm of Bob Earl in Craig township." It appeared that the field called the "Bob Earl field" embraced a portion of land belonging to the United States which had recently been homesteaded by one M. *Held,* the description was sufficient to put a purchaser of the crop from the mortgagor upon notice of the mortgage.

2. CHATTEL MORTGAGES—DESCRIPTION—GROWING CROPS.—In a chattel mortgage on growing crops it is not necessary that the property should be so described as to be capable of identification by the written recital or by the name used to designate it in the mortgage. A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient, and parol testimony is admissible to show that a particular article is included within the general words of a description.

Appeal from Van Buren Circuit Court; *John I. Worthington,* Judge; affirmed.

*J. A. Eades,* for appellant.

1. All the instructions given for plaintiff were erroneous; those refused for defendant correctly state the law. The mortgage was indefinite in terms and could not be explained by oral testimony. The cotton was grown on Government land and no occupant has a right of property in the crop. 14 Ark. 282.

2. The cotton described in the mortgage and that in controversy are entirely different. 54 Ark. 91. Appellant was an innocent purchaser. 41 *Id.* 74. Parol evidence was not admissible. 43 Ark. 352; 80 N. W. 813; 47 *Id.* 127; 10 R. C. L. 215-240; 50 Ark. 393; 64 *Id.* 650; 30 N. E. 346. The mortgage was not sufficient to put appellant even on inquiry.

*S. W. Woods,* for appellee.

1. Description in the mortgage, taken in connection with the relations of the parties and the familiarity of the appellant with the property and its conditions, were sufficient to put him on notice of the mortgage. 14 Ark. 282 has no application and has been overruled.

5 R. C. L. 401, § 24, and p. 422, § 53; 39 Ark. 394; 109 *Id.* 552; 51 *Id.* 410; 54 *Id.* 158; 52 *Id.* 278, 371; 51 *Id.* 218. It was grown on the Bob Earl land and in the Bob Earl field.

2. The evidence supports the verdict. 53 Ark. 75, 327; 70 *Id.* 136. Substantial justice has been done. 34 Ark. 93; 64 *Id.* 238.

McCULLOCH, C. J. This is a suit in replevin to recover possession of a small quantity of cotton. The plaintiff Simpson claims title to the cotton in controversy under a mortgage from one Hightower, who cultivated the crop and gathered it. Defendant Eades purchased the cotton from Hightower and claims that the crop from which it was gathered was not described in the mortgage to Simpson. Hightower's mortgage to Simpson described the property as a crop of corn and cotton "amounting to twelve acres to be grown on the farm of Bob Earl in Craig Township," in Van Buren County. Hightower was a tenant on the Bob Earl farm, and, as before stated, raised and gathered the cotton in controversy.

The evidence shows that the crop was raised within an inclosure known as the Bob Earl field, but that this particular portion of the crop was raised on land the title to which turns out to be in the United States Government. The Government tract is adjoining the Earl land and was entered as a homestead by one Marchbanks in May, 1915, a few weeks after the execution of the Hightower mortgage to Simpson. Marchbanks caused the line of the tract to be surveyed in September, 1915, and it was discovered from the survey that the line ran through the Earl field so as to cut off five or six acres of the cultivated land which had been occupied as the Earl farm. The possession of Hightower was not, however, disturbed, and he gathered the crop and sold it. The line between Craig Township and Liberty Township runs along the boundary between the Earl tract and the Marchbanks tract, so the new survey shows the land occupied by Hightower to be partly in Liberty

Township, instead of Craig Township as described in the mortgage.

It is contended that under this state of the case, the description in the mortgage was insufficient to cover the portion of Hightower's crop which was raised on the Marchbanks land, and that the purchaser of the crop is not chargeable with notice of the mortgage. The following rule, stated by this court many years ago, has been steadily adhered to: "It is not necessary that the property should be so described as to be capable of identification by the written recital, or by the name used to designate it in the mortgage. A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient; and parol evidence is admissible to show that a particular article is included within the general words of a description." *Gurley* v. *Davis*, 39 Ark. 394.

Applying the test just announced to the facts of the present case, it is evident that the description was sufficient to charge purchasers from the mortgagor with notice of the fact that the crop raised by Hightower on the Bob Earl land, or the whole of the inclosure which was commonly understood to be the Bob Earl field, was included in the mortgage. This does not constitute an extension of the terms of the mortgage, or a variance of the written instrument by parol testimony, but it is a mere identification of the mortgaged property to fit the descriptive language used in the instrument itself. In other words, the language of the instrument affords the means of identification, and the parol testimony merely supplies that which is necessary to complete it.

It is further contended that Hightower had no title to the crop raised on that portion of the land which turned out to be owned by the Government, and that his mortgage to the plaintiff therefore conveyed no title. This contention is based on the decision of this court in the case of *Floyd* v. *Ricks*, 14 Ark. 286, but the doctrine of that case has, we think, no application to the present

one. In fact, this point is ruled against the defendant by the recent case of *Bethea* v. *Jeffres*, 126 Ark. 194, where we held that "one who raises a crop upon land which he holds adversely, the crop being the result wholly of his own labor or that of his tenant, and where he has severed and removed the crop from the premises while still in possession, the title to the crop is in him, and the only remedy of the owner of the land is an action for mesne profits."

The evidence is sufficient to sustain the verdict. In fact, the testimony relating to the situation, which fully identifies the crop as a part of that described in the mortgage to plaintiff, is undisputed, and the verdict could not have been otherwise under the evidence.

The judgment is therefore affirmed.