## BECKLER v. SNERLY.

Opinion delivered July 13, 1925.

MORTGAGES—DESCRIPTION OF PROPERTY.—The record of a mortgage which described the property conveyed as the mortgagor's interest in a rice crop to be produced on a certain farm during the year 1923, *held* sufficient to put third persons upon inquiry.

Appeal from Prairie Chancery Court, Southern District; *John E. Martineau,* Chancellor; affirmed.

R. D. Snerly brought this suit in equity against Peter Beckler and others to recover judgment in the sum of $1484, and to have the proceeds of a certain rice crop applied to the payment of said indebtedness upon the ground that he had a valid mortgage upon said rice.

Peter Beckler admitted having the rice crop in his possession, and the suit was defended on the ground that he had a mortgage which was a prior lien on the rice crop.

It appears from the record that Peter Beckler owned 320 acres of land in Prairie County, Ark., and on the 1st day of January, 1920, conveyed it to E. N. Ahlfeldt. Notes were given for the purchase money, and a mortgage was executed on the land to secure their payment. After making part payment of the purchase money, E. N. Ahlfeldt conveyed said land to C. S. Beck, who assumed to pay the purchase money notes executed by E. N. Ahlfeldt. On the 10th day of July, 1922, C. S. Beck executed and delivered to R. D. Snerly a mortgage on his one-half interest in the rice crop to be grown on the land for the year 1923. This mortgage was duly acknowledged and filed for record on the 26th day of August, 1922. Neither C. S. Beck nor E. N. Ahlfeldt was able to pay the purchase money notes on the land in question held by Peter Beckler. It was agreed between them that the land should be leased for the year 1923 to make a rice crop, and that Beckler should make the necessary advances of money and supplies to be used in making the crop. Subsequent to this agreement, C. S. Beck leased the land for the year 1922 to one E. H. Whitehouse for the purpose of raising a rice crop, and each was to have an undivided one-half interest in the crop.

On the 15th day of February, 1923, C. S. Beck executed a chattel mortgage on his one-half interest in the rice crop to be grown on the land in 1923 to Peter Beckler to secure him for advances made in the sum of $2755.19. After the crop was grown Beck turned the

rice over to Beckler, who claimed it under his mortgage. His contention was that the mortgage executed by Beck to Snerly on the same crop, although given first, was void as to him on account of uncertainty in the description of the rice crop.

The mortgage recites that C. S. Beck had bargained, granted and sold to R. D. Snerly "a sufficient portion of his right, title and interest in 200 acres (more or less) of rice (landlord's one-half interest) which he is to cultivate and produce during the year 1923, on what is known as the C. S. Beck farm, located in Prairie County, Arkansas, and more accurately described as follows: (Here follows a description of the land by metes and bounds).

"To have and to hold all the above described property unto the said party of the second part, his heirs, executors, administrators or assigns, forever."

The mortgage is conditioned that Beck shall pay to Snerly $1484 not later than November 10, 1923. No part of the indebtedness secured by either mortgage was paid by Beck. Hence this lawsuit.

The chancellor found that the mortgage of Beck to Snerly on the rice crop was a valid one, and that it was prior to the lien of the mortgage executed by Beck to Beckler.

A decree was entered of record in favor of R. D. Snerly against Peter Beckler in accordance with the findings of the chancellor, and from that decree comes this appeal.

*Pettit & Leach,* for appellant.

*George C. Lewis,* for appellee.

HART, J., (after stating the facts). The record shows that the mortgage given on the rice crop by Beck to Snerly was filed for record prior to the mortgage on the same crop given by Beck to Beckler, and that no part of the mortgage indebtedness of either of said mortgages has been paid. This is conceded by counsel for appellant, Beckler, but they contend that the description of the mortgaged property in the mortgage to Snerly is void

for uncertainty, and that for that reason the mortgage to appellant is a prior lien on the rice crop in question. Thus it will be seen that the sole question presented on this appeal is whether or not the description of the mortgaged property contained in appellee Snerly's mortgage is sufficient to create a lien upon the property sought to be embraced in the mortgage against a subsequent mortgagee.

It will be seen from our statement of facts that Beck gave a mortgage to Snerly upon a sufficient portion of his undivided one-half interest in 200 acres of rice to be grown on his farm during the year 1923 to comply with the condition in the mortgage, and that the condition in the mortgage is that Beck shall pay to Snerly $1484 not later than November 10, 1923. In other words, this was a mortgage on a sufficient portion of the undivided one-half interest of C. S. Beck in a rice crop of 200 acres more or less to be grown on his farm during the year 1923 to pay an indebtedness of $1484 which Beck owed Snerly.

The textwriters lay down the general rule to be that any description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient. A second rule is that any description which can be made certain by such inquiries is good. In short, if the description of the property in a chattel mortgage is sufficient to put third persons on inquiry, from which inquiry they can ascertain what the property is which is attempted to be described in the mortgage, such description would be sufficient. *Dodds* v. *Neel*, 41 Ark. 70; *Johnson* v. *Grissard*, 51 Ark. 410, and *Eades* v. *Simpson*, 127 Ark. 162.

In the application of this general rule, the Supreme Court of Alabama in *Truss* v. *Harvey*, 24 So. 927, held that a mortgage on a crop for a stated year, and for every year thereafter until the debt is fully paid, was not void for uncertainty as to crops raised subsequent to the year named.

In that case, the property described in the mortgage was all of the crops of corn, cotton and other produce which the mortgagor might raise or cause to be raised during the year 1893, and every year thereafter until the mortgage debt was fully satisfied. The court said that the description, although general and somewhat uncertain, was sufficient to put on inquiry; and that the purchaser of the cotton from the mortgagor was bound to ascertain whether the cotton he purchased was subject to the mortgage. The court also said that the mortgage was not void for uncertainty as to the debt secured, since parol evidence was admissible to show that it was still unpaid. The court cited with approval *Varnum* v. *State,* 78 Ala. p. 28.

In that case the defendant was convicted of the statutory offense of selling cotton for the purpose of defrauding a named person having a lien created by a mortgage. The instrument in that case recited, "my entire crop of every description, raised by me, or caused to be raised by me annually, till this debt is paid." The defendant objected to the admission in evidence of the mortgage on the ground that it was void for uncertainty in the description of the crops intended to be included in it. The court said that, whatever force there might be in this objection to the instrument on its face, this alleged uncertainty was capable of being removed when read in the light of the circumstances surrounding the contracting parties at the time of its execution, by extraneous parol identification. Hence the judgment of conviction was affirmed.

In *First Natl. Bank* v. *Rogers,* 103 Pac. 582, the Supreme Court of Oklahoma held that a description in a chattel mortgage, which is sufficient to put a third person upon inquiry which, when pursued, will enable him to ascertain the property intended to be included in said mortgage, is good. In that case the words of description of the crop contained in the mortgage are as follows: "the product and proceeds of all my 1907 cotton and all

my future crops until the above note is paid.'' The court said that the contents of the mortgage furnished the defendant information, which,. aided by extrinsic evidence at his command, would have enabled him to ascertain that the cotton in controversy was the product of the crop described in the mortgage, and that he was not an innocent purchaser for value.

In the case of *Smith* v. *Lafayette & Bro.*, 119 Pac. 979, the description in the mortgage was, all crops to be produced by the mortgagor during the years 1906, 1907 and each succeeding year until the indebtedness described in the mortgage shall have been paid in full. There as here it was claimed that the description was too vague and indefinite to put a second mortgagee upon notice. The Supreme Court of Oklahoma was of the opinion that the description was sufficient, aided by extrinsic evidence, to put the second mortgagee on his guard, and to enable him to ascertain at the time he took his mortgage that the property in controversy was covered by the prior mortgage.

In the case before us we are convinced that the description is sufficient, and that it comes within the general principles announced in the decisions above cited which we regard as sound and of controlling force.

Reliance is placed by counsel for appellant upon the case of *Williamson* v. *Steele*, 3 Lea (Tenn.) 527, 31 Am. Rep. 652. In that case the description in the mortgage was so much of the cotton crop raised on a certain farm, describing it, as would be sufficient to make two bales of lint cotton, each weighing not less than 500 pounds. The description was properly held to be too indefinite, because it did not convey any aliquot part of the crop, and a mortgagee could have no right to select any particular part of the cotton raised to the extent of the quantity necessary to make two bales. This description is more like the one referred to in *Dodd* v. *Neel*, 41 Ark. 70, where it was held that a mortgage of a specified number of articles out of a larger number will not be good against

creditors of the mortgagor and others acquiring adverse rights, unless it furnishes the data for separating the mortgaged part from the mass.

This rule was recognized in *Watson* v. *Pugh,* 51 Ark. 218, but it was there said that where the number specified is more than the whole number of such articles, there is no other property of the same kind from which a selection is to be made, and therefore no uncertainty in the description.

The description in the mortgage was "all my crop of corn, cotton or other produce that I may raise, or in which I may in any manner have an interest, for the year 1884, in Faulkner County, Arkansas." The court held that the description could be made certain by extrinsic evidence and was not void for uncertainty. In this connection it may be stated that the court cited with approval in the principles announced in *Varnum* v. *State,* 78 Ala. 28.

The record of the mortgage by Beck to Snerly was constructive notice to all persons acquiring rights in the rice crop subsequent to its execution, and, having held that the description in that mortgage was sufficient to put third parties upon inquiry, they were bound to inquire whether the rice in question was covered by the mortgage of Beck to Snerly.

The result of our views is that the decree of the chancery court is correct, and it will therefore be affirmed.