## HILKER v. AGRICULTURAL BOND & CREDIT CORPORATION.

### No. 4597.

Court of Civil Appeals of Texas. Amarillo.
May 11, 1936.

Rehearing Denied Sept. 7, 1936.

Earl Wyatt, of Amarillo, for appellant.
H. H. Cooper, of Amarillo, for appellee.

MARTIN, Justice.

Appellee sued, and recovered judgment against appellant for the conversion of 1,820 bushels of wheat. Appellee held a chattel mortgage on the wheat crop of S. H. McCathern, near Grady, N. Mex., to secure it in the payment of a note for $1,057.73. Appellee alleged in part: "That thereafter said S. H. McCathern grew and harvested on said 300 acres of land situated on the Ed Leach farm a crop of wheat, and delivered to the said defendant herein 1820 bushels of said wheat which was grown and harvested on said lands upon which this plaintiff had and held said chattel mortgage lien, and said defendant, C. G. Hilker, then and there received said wheat with full knowledge of the chattel mortgage lien held by this plaintiff, and without the knowledge or consent of this plaintiff converted to his own use and benefit all of said wheat."

█ Appellee's pleadings showed it to be a foreign corporation. Appellant contends that it should have pleaded and proven that it had a permit to do business in Texas. Appellee's contract with McCathern and the alleged conversion was in New Mexico, not Texas. Plainly it did not have to have such permit to merely sue upon a cause of action arising in another state. Bringing such a suit is not "transacting * * * business" in Texas, under article 1529, R.S. 1925. If it had alleged it had a permit, or made allegations showing a necessity therefor, a different question would be presented. Smith v. Jasper County Lbr. Co., 124 Tex. 156, 76 S.W.(2d) 505. It did neither, and such matter had to be defensively pleaded in order to be raised. Oklahoma Tool & Supply Co. v. Daniels et al. (Tex.Com.App.) 290 S.W. 727. Appellant raised such question by a plea in abatement, but his allegations are not sustained by the evidence. Assuming, without deciding, that appellee's cause of action could not be maintained, where it was transacting business in Texas without complying with article 1529, the evidence upon this issue goes no further than to show adjusters and collectors for appellee at work in Texas. These may have been working on contracts made outside of Texas or in interstate commerce. If either, no permit was necessary. Collins v. Hardeman-King Co. (Tex.Civ.App) 74 S.W.(2d) 181.

█ The chattel mortgage describes the property in controversy as follows: "Three Hundred (300) acres of wheat to be grown during the seasons of 1930 and 1931 on the Ed Leach farm 7 mi. north & 3 east of Grady N Mex. the mtg. to cover all the grain grown on said land during the seasons indicated." It is claimed this description is insufficient and constituted no notice to appellant. We overruled this. Johnson v. Grissard, 51 Ark. 410, 11 S.W. 585, 3 L.R.A. 795; Spiller v. W. J. Mann & Co. (Tex.Civ.App.) 187 S.W. 1014.

█ The quotation from appellee's petition supra alleges the location of the property and that appellant "then and there received" said wheat. We overrule appellant's contention that his exception to said petition should have been sustained, raising the point that no place of conversion was alleged. No proposition of a variance between such pleading and the proof appears in appellant's brief.

█ Witness Jay Laverty testified, in part, as follows:

"Q. Mr. Laverty, during the season of 1931, were you watching the wheat market there during the season and trying to collect accounts over this territory? A. No; I wasn't watching the wheat market every day. Of course, I kept in touch with it in a general way.

"Q. Well, do you know what the market value of wheat was at San Jon, New Mexico, along in July and August of that year? * * *

"Q. What was the market value at that time? * * * A. My answer to that is that in a general way I knew it. I didn't at any particular time.

"Q. What was the market value at that time? * * * A. The only thing I know about the market value was its range during that harvest. As to what it was on any certain day—

"Q. I am not asking any particular day, but about the middle of July—that is the middle of the season. * * * A. My recollection is that wheat sold in that territory during that harvest at from twenty-five to fifty cents."

This was objected to because the witness was not qualified and no predicate had been laid. The business of the witness was collector, and as such he had to watch the wheat market. We think the witness weakly qualified, and that this case should not be reversed on this account for the additional reason presently discussed.

546

Witness Kernan testified to the contents of a memorandum of wheat purchased from McCathern furnished to him by appellant himself. This was introduced as an admission against interest and was not hearsay as contended by appellant.

Appellant introduced no evidence to contradict either of the above two portions of evidence. This record shows that if untrue he could have disputed it, but instead stood silent.

We quote: "Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. The failure of a party to take advantage of an opportunity to explain inculpatory circumstances is evidence against him, and his failure to produce evidence in his possession which might have rebutted a presumption against him strengthens such presumption. Where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no testimony to controvert it; and when the proof tends to establish a fact, and at the same time discloses that it is within the power and the interest of the opposite party to disprove it, the silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force." 17 Tex.Jur. p. 306.

Then, too, the verdict was for only $350, though the testimony shows the conversion of at least 1,820 bushels of wheat, for which appellant actually paid much more than the amount of the verdict. The jury found a value below the minimum price named by the witness, and there could have been no injury to appellant from the general character of such evidence.

The Kernan memorandum supra was not marked for identification or formally introduced in evidence. The jury took same to the jury room with them in their deliberations, and this, appellant claims, was error. The record, including the trial judge's qualification to appellant's bill, shows that such memorandum was read to the jury and "exhibited" to them. It was for all practical purposes introduced in evidence and the objection is regarded as hypercritical. The distinction appellant makes is one without any difference.

Special issue No. 1 reads as follows: "Did C. G. Hilker, the defendant, purchase from S. H. McCathern any of the wheat grown during the season of 1930–1931 on the Ed Leach farm in Curry County, New Mexico, upon which plaintiff claims a mortgage?" This it is asserted was too broad, in that it authorized a finding upon a mere "claim" of a mortgage, and should have been confined to such wheat as was actually covered by a mortgage. There was one Ed Leach farm, one McCathern, and one mortgage. The terms of the mortgage covered all the wheat grown on the Ed Leach farm by McCathern. The jury could not have been misled and no injury could have occurred by the use of the inaccurate expression referred to.

Judgment affirmed.