## UNITED STATES v. BROWN.
### No. 14102.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1952.

Warren G. Moore, U. S. Atty., Royce Whitten, Asst. U. S. Atty., Tyler, Tex., for appellant.

Jewell E. Abernathy, McKinney, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that one Starnes, as security for moneys loaned him to make a crop, had given a crop and chattel mortgage on a tract of land [1] being farmed by him, the United States, as the owner of the note and mortgage, brought this suit against the debtor and against persons, including the

---

1. Par. II of the mortgage reads:

"The Mortgagor does hereby grant, bargain, sell and convey unto the Mortgagee, the following crops or chattels all of which are in the possession of the Mortgagor and are located or to be located on the premises known as the W. B. Peebles farm or ranch, located and situated approximately 2 miles in a northwesterly direction from the town or city of Weston, in the county of Collin and State of Texas, said premises consisting of a certain parcel or parcels of land, situate, lying, and being in the county of Collin and State of Texas, and more specifically described as follows: Being 108 acres of land located 2 miles North West of Weston, Texas, 100 acres of which is in cultivation and all owned by W. B. Peebles of Weston, Texas.

"(1) Any and all crops of every kind, including tame and wild grass and hay now standing, planted, or grown, or that may be planted or grown on the above-described land and on any other land cultivated by the Mortgagor prior to the payment in full of the indebtedness secured hereby; * * *"

appellee Brown, who had bought cotton from him, to recover the amount still due.

The purchaser defendants admitted that they had purchased cotton from Starnes and that it was of the value alleged, but they alleged that the description in the mortgage was "too vague and indefinite to put them upon notice of the existence of the mortgage or of the property alleged to be mortgaged".

Tried to the court without a jury, there were findings of fact and conclusions of law,[2] and a judgment for the purchaser defendants.

The United States, appealing only from the portion of the judgment denying recovery as to the appellee Brown, is here insisting that the description in the mortgage was entirely adequate, and that, upon the admissions of the defendant and the undisputed evidence of Starnes, a judgment for it was demanded.

■ We agree. Under the uniform current of authorities in Texas and elsewhere, no such rigid precision in description as the district judge seemed to think requisite is required in cases of this kind. The general rule, as stated in 14 C.J.S. p. 676,

Sec. 67.(b), "The description is sufficient as against third parties if it, together with inquiries suggested thereby enables a prudent disinterested person to identify the property", is and has long been the rule in Texas,[3] and elsewhere.[4]

■ As to the finding by the court, that the mortgage failed to state the year covered by it, it will be noted that the mortgage contains this general description of the period covered: "any and all crops * * * or that may be planted or grown * * * prior to the payment in full of the indebtedness secured hereby * * *."

It is settled law that such a mortgage is valid and covers crops planted or grown in any years after its giving until the debt is paid.[5]

■ Of the finding that the United States did not sustain its burden of proving what cotton was purchased by Brown or the price paid by him, it is sufficient to say that, both by Brown's admissions and the evidence of Starnes, his purchase of cotton was fully established, and the defendant having admitted that the value of the cotton was as pleaded by plaintiff, what he paid for it is immaterial.[6]

2. In substance these were: that the description of the land as "108 acres of land located two miles northwest of Weston, Texas, 100 acres of which is in cultivation, and all owned by W. B. Peebles of Weston, Texas", was an insufficient description because the land actually rented and farmed by Starnes from which the cotton came, consisted of 80 acres instead of 108 acres, and there was no 108 acre tract; that Starnes raised 18 or more bales of cotton on the north 80 acres belonging to Peebles and sold it to Brown; that there is no evidence that Starnes farmed any tracts of land other than the two Peebles tracts, the 80 acres northwest, and the 46 acre tract south, of Weston.

He concluded that the description of the land on which the crops were grown was not definite enough to put a purchaser on notice; that plaintiff did not discharge its burden of proving what particular cotton was purchased by Brown nor what consideration was paid by him to Starnes for the 18 or more bales of cotton.

3. Matthews v. Melasky, Tex.Civ.App., 240 S.W. 641; Lunsford v. Pearce, Tex.Civ. App., 19 S.W.2d 71; Rus v. Farmers Nat. Bank, Tex.Civ.App., 228 S.W. 985; Hilker v. Agricultural Bond & Credit Corp., Tex.Civ.App., 96 S.W.2d 544; Spiller v. W. J. Mann & Co., Tex.Civ. App., 187 S.W. 1014; 9 T.J., Sec. 9, pp. 84–89.

4. Eades v. Simpson, 127 Ark. 162, 191 S. W. 953; Ake v. General Grain Co., 181 Okl. 117, 72 P.2d 735; Harp v. First Nat. Bank of Anadarko, 169 Okl. 548, 37 P.2d 930.

5. So. Texas Impl. & Mach. Co. v. Anahuac Canal Co., Tex.Civ.App., 269 S.W. 1097; First Nat. Bank of Fabens v. Am. Trust & Savings Bank of El Paso, Tex. Civ.App., 1 S.W.2d 437; Perkins v. Alexander, Tex.Civ.App., 209 S.W. 789; Myers-Shepley v. Milwaukee, 124 Wash. 583, 214 P. 1051; Livestock Cred. Corp. v. Corbett, Idaho, 22 P.2d 874.

6. Hodges v. Leach, Tex.Civ.App., 214 S.W. 2d 837; Black, Sivalls & Bryson v. Loofbourrow, 176 Okl. 506, 57 P.2d 836; 10 Am.Jur., p. 803, sec. 136.

The judgment is reversed and here rendered for appellant, and the cause is remanded with directions to enter judgment accordingly.