## A. A. KELLEY ET AL. v. SAM KING.

Delivered February 19, 1898.

**1. Distress Proceedings—Warrant and Bond—Discrepancy of Dates.**

Distress proceedings will not be quashed because the bond is dated after the issuance and levy of the warrant, where it clearly appears from the file marks that such date is a mistake, and that the bond was actually executed before the warrant was issued and levied.

**2. Same—Cost Bond Necessary.**

Plaintiff in distress proceedings is not excused from giving security for costs by the bond for distress given by him which provides only for payment of damages.

**3. Costs—Rule for—Harmless Error.**

Refusal to require plaintiff to file a bond as security for costs is harmless to defendant, where judgment is rendered against him.

**4. Landlord and Tenant—Lien for Credit Advanced.**

As against other creditors of a tenant a lien does not attach, under the statute, in favor of a landlord, for supplies furnished by a third person for the payment of which the landlord becomes security, where the tenant remains bound to such third person for the debt.

APPEAL from Kaufman. Tried below before Hon. JOHN VESEY.

*Lee R. Stroud* and *Ed. R. Bumpass,* for appellants.

*J. S. Woods,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—The appellee brought this suit against his tenant, A. A. Kelley, to recover the sum of $462.38—a part of said sum alleged to be due for rents, and the balance alleged to be advancements made to said Kelley to enable him to make a crop on said land; and to foreclose the landlord's lien for said sum.

W. E. Lumpkin, by leave of the court, intervened, claiming a lien upon said property to secure a note executed by said Kelley to said Lumpkin. The appellee King recovered judgment for the amount alleged to be due, and for a foreclosure of the landlord's lien for $399.62; and judgment was also rendered in favor of the intervenor as against Kelley for the amount claimed by him, and foreclosing his mortgage lien upon said property, subject to appellee's lien for $399.62. From this judgment the appellants prosecute this appeal.

A motion was made by appellants to quash the distress proceedings, because the bond was dated on the 10th day of November, 1896—one day after the making of the affidavit and the issuance and levy of the warrant.

From the record we gather that the affidavit and bond were written on the same piece of paper. The jurat of the officer to the affidavit shows that it was made on the 9th day of November, 1896, and that said affidavit and bond were filed with the justice of the peace on said 9th day of November. From this we think it clearly appears that there was a mistake in dating the bond on the 10th day of November, instead of the 9th. In either event, we take it that the date of the filing is the best evidence (in the absence of other evidence) as to when it was executed; and therefore hold that there was no error in overruling the motion to quash.

The court refused to sustain defendant's motion to require plaintiff to file a bond as security for costs herein, said motion being made before announcement of ready for trial. This action of the court was error. Under the disposition of the case, however, it would not be reversible error, as judgment went against appellant who made the motion, and no injury resulted to him therefrom; but in view of another trial we deem it proper to say that the bond for distress in this case does not secure the costs, as claimed by appellee. The statute provides, that "when the costs are secured by the provisions of an attachment or other bond filed by the party required to give security for cost, no further security shall be required." The bonds in an attachment or sequestration proceeding are conditioned for the payment of "damages and costs" of suit. The provision in said bonds for the payment of costs is not required in a bond for distress warrant, the last bond merely being conditioned for the payment of damages. We think the motion should have been sustained, and the plaintiff required to give bond as security for costs.

The evidence in this case shows that several of the amounts claimed to be due by King as advancements made by him to Kelley were for

sums of money borrowed and mules and other personal property bought by Kelley, for which King had become security. According to King's testimony, the money so borrowed was necessary to enable Kelley to make the crop; and the mules and other property so bought were necessary for the same purpose. It was further stated by King that when he went Kelley's security it was understood that these things were necessary, and that he should have a lien upon the crop to secure the same. And it was also shown that said money and property were delivered to Kelley on the credit of King, and that Kelley could not have obtained said property had not King gone his security. At the time that the distress warrant was levied these amounts had not been paid, but were subsequently paid by King.

It is contended by appellants that under these circumstances King had no lien upon said crop to secure the payment of said amounts. We think this contention is correct, at least in so far as the intervenor is concerned. The lien of the landlord for moneys, the value of animals, tools, provisions, and supplies furnished by him to the tenant to enable the tenant to make a crop on said premises, etc., is purely statutory; and the statute provides that the lien given shall apply only to animals, tools, and other property furnished by the landlord to the tenant and to the crop raised on such rented premises. We think, under these circumstances, King was a mere surety for his tenant, and that it can not be considered that he furnished these articles in the manner as contemplated by the statute. Our construction of the statute is, that the landlord alone must furnish these things to his tenant, and the tenant must be indebted alone to the landlord therefor. Of course, if the landlord should authorize the tenant to purchase supplies, etc., from a third party, and the same were furnished by said party on the faith of the landlord paying for the same, he in nowise looking to the tenant for payment, such would come within the purview of the statute; but where, as in this case, the tenant remains bound to the third party for the debt, the lien does not attach. 1 W. & W., sec. 321.

This view of the case was not presented to the jury, although the court's attention was called to same by special charges requested by appellants. For the failure of the court to properly present the matter to the jury in this particular, the judgment is reversed and the cause remanded.

*Reversed and remanded.*