### GAYLOR v. MONROE. (No. 6130.)

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1920. Rehearing Denied April 21, 1920.)

1. **Appeal and error ⚖⇒218(2)—Request for submission erroneous in form held sufficient where judge indicated insufficient evidence as reason for refusal.**

Though defendant's request for submission of numerous issues was by a single paper, and he was not entitled to submission of some of them, he may complain of another of them not being submitted, the record showing that the judge in substance and effect held that neither of the issues concerning which he made findings should have been submitted, and his erroneous statement that the facts found by him were proved by the uncontradicted testimony indicating with reasonable certainty his reason for the refusal.

2. **Landlord and tenant ⚖⇒245—Landlord not entitled to lien on crop for supplies if merely surety.**

A landlord is entitled to a lien on his tenant's crops for supplies only when they are furnished by him, directly or indirectly, and not when he is merely guarantor or surety for payment of supplies furnished to the tenant by another.

3. **Landlord and tenant ⚖⇒262(5)—Right to lien for supplies on conflicting evidence presented jury question.**

Whether landlord indirectly furnished supplies to his tenant, entitling him to a lien therefor on his crop, or was only a surety or a silent partner in the firm which furnished them, should on conflicting evidence have been submitted to the jury.

4. **Sequestration ⚖⇒5—Tenant having removed crop without consent or accounting for landlord's share, sequestration proper.**

A tenant having removed a portion of the crop from the rented premises without consent of the landlord, and without accounting for his pro rata share thereof, reserved as rent, writ of sequestration legally issued.

5. **Sequestration ⚖⇒21 — Under cross-action claiming for unlawful sequestration there was no jury issue for excessive levy.**

In suit by the landlord to enforce his right to rent out of the crops, where sequestration was warranted by facts, the tenant not having sought in his cross-action to recover damages on account of excessive levy, submission to the jury of any question relative to his right to recover damages was properly refused.

Appeal from District Court, Milam County; John Watson, Judge.

Suit by D. Monroe against Jim Gaylor, commenced in justice court. From judgment of the district court for plaintiff, defendant appeals. Reversed and remanded.

M. G. Cox, of Cameron, for appellant.
Chambers & Wallace, of Cameron, for appellee.

KEY, C. J. As appellee's statement of the nature and result of the suit is more succinct than appellant's, the same is here copied:

"Appellee began this suit August 22, 1918, with distress proceedings in the justice court under the statute. The affidavit for the writ showed that appellee claimed to have rented to appellant, for the year 1918, about 150 acres of land in precinct 7, in Milam county, for a rental of one-fourth of the cotton and cotton seed raised thereon during said year; that, as landlord, he had furnished appellant, under the statute, supplies to enable him to make a crop grown upon the premises in the sum of $687.-17; that the estimated value of the rent from the cotton and cotton seed grown thereon was $450; that the appellant had moved off of

the premises two bales of cotton and cotton seed grown thereon without the knowledge or consent of the appellee, and was about to move off the other products grown thereon. Distress warrant was prayed for and with citation, returnable to the district court.

"The warrant issued accordingly, and was executed by the sheriff of the county and returned into the district court, the return thereon showing a levy upon two bales of cotton in the cotton yard at Ben Arnold, and upon one bale of unginned cotton on appellant's wagon, and upon the ungathered cotton in the rented field. This latter cotton the sheriff had gathered, and, with the bale seized upon the wagon, had ginned, receiving from the ginner the difference between the charge for ginning and the value of the seed.

"Appellee filed his original petition in the district court, as provided by the statute in such case, claiming, in addition to the account and rent (fixed in the petition in the approximate sum of $678.21) an item of $75 for rent of oat land, and it was answered by the appellant's original answer and first amended original answer admitting the tenancy, but denying that the supplies were furnished by appellee and reconvening for damages actual and punitory.

"The Ben Arnold State Bank filed its petition of intervention November 18, 1918, to which the appellee filed his motion to dismiss, upon the hearing of which, and upon the court's judgment sustaining the motion, the intervener took leave to withdraw the intervention without prejudice, and accordingly the intervention was dismissed.

"The case was submitted to the jury upon one special issue to determine the amount, if any, due appellant upon his cross-action for services rendered.

"The trial court found the following facts established by the evidence without controversy:

"(1) That appellant rented from appellee 130 acres of land for the year 1918 for a rental of one-third of grain and one-fourth of the value of the cotton and cotton seed grown thereon, and that appellant worked the land for said year, and grew thereon the cotton and cotton seed described in the sheriff's return on the distress warrant.

"(2) That the appellee was entitled to one-fourth of the value of the cotton and cotton seed distrained as rent.

"(3) That the appellee furnished the appellant the supplies described in that account sued on, save and except the item of interest therein, and an item of 80 cents.

"(4) That such supplies and advances were furnished for the purpose of enabling the appellant to make the crop on the rented premises; that they were necessary for that purpose, and were used by appellant for that purpose, and were all within the purview of the landlord and tenant act of this state.

"(5) That the appellant did move off of the rented premises, without the knowledge or consent of the appellee, two bales of cotton and cotton seed grown thereon, and was about to remove off of the premises other of such cotton and cotton seed, and that because of such fact the appellee did distrain the crop in the manner provided by the statute.

"(6) That the appellant sold and disposed of the two bales of cotton and seed removed by him off the premises without paying to appellee the one-fourth value thereof due him, as rent.

"(7) That, the distress warrant having been legally sued out, damages, actual and exemplary, were not recoverable.

"Upon the verdict of the jury fixing the amount appellant was entitled to upon his cross-action for services, and upon the court's finding of uncontroverted fact, judgment was rendered for the appellee for the amount of account sued for, less the item of interest and the item of 80 cents, and also for one-fourth of the value of the cotton and cotton seed, less the amount of the verdict in appellant's favor.

"The appellant's motion for new trial having been overruled, he has appealed to this court upon the errors assigned in his brief."

The foregoing statement seems to be substantially correct, except the statement that the facts found by the judge were established by uncontroverted testimony. As to some of the findings that statement is not correct.

### Opinion.

[1] Several of appellant's assignments of error complain of the action of the trial court in refusing to submit to the jury certain special issues requested by appellant. Appellant requested the court to submit to the jury 15 special issues, in addition to the one submitted by the court. The 15 issues referred to were not separated so that the court could give some and refuse others without the jury taking with them those refused as well as those given. They were all embraced in one document, which gave the style of the case and numbered the issues consecutively from 1 to 15, and was signed at the bottom by appellant, by his attorney of record, and marked "Refused" by the presiding judge. Appellant took a bill of exception to the action of the court in refusing the charges, which bill shows that after considering the same the judge refused to give the charge submitting those issues "in whole or in part," which we understand to mean that the judge was of the opinion that appellant was not entitled to have either of the issues referred to submitted to the jury, and we are confirmed in this view by the findings of fact made by the judge, and incorporated in the judgment, in which it is stated, in substance, that the facts found by him were established by uncontroverted testimony, which, if true, rendered it unnecessary to submit those issues to the jury. Appellant does not contend that all of the issues requested by him should have been submitted to the jury, but assigns error upon the action of the judge in refusing to submit some of them, and in making findings upon those issues himself.

Appellee contends that the charge requesting to have those issues submitted was so framed that, if one or more of them should

not have been submitted, appellant cannot complain of the action of the court in refusing all of them, and in support of that contention Burnham v. Logan, 88 Tex. 7, 29 S. W. 1067, and Wall v. Lubbock, 52 Tex. Civ. App. 405, 118 S. W. 889, are referred to.

Wall v. Lubbock was decided by this court, and a writ of error was denied by the Supreme Court, and it must be conceded that there is much similarity between that and the instant case. However, we have examined the record in that case, and have found nothing to indicate that the trial court held that no one of the issues requested could properly be submitted to the jury, but merely marked them all "Refused" by one indorsement following after the names of the attorneys who requested them. In that case appellant assigned error upon the refusal of the charge relating to only one of the 17 issues, and did not contend that the others were improperly refused, and it may be that the trial court in that case refused the particular instruction which the appellant contended should have been given, because of the fact that it was not separated from others which should not have been given.

After careful consideration, we have reached the conclusion that this case is distinguishable from Wall v. Lubbock, because it appears with reasonable certainty, as to the issues upon which the judge made findings, that he would not have submitted those issues to the jury, even though each one had been separately requested, in such form as that it could have been given without the jury seeing a requested charge relating to any other issue. Though the style of the case and where reported is not now remembered, the writer recalls the fact that several years ago this court held that, when it was shown by bill of exception that the trial court was orally requested to submit to the jury a certain issue, and the court stated that it would not be submitted because there was no evidence authorizing such submission, it was not necessary for the complaining litigant to show that he requested a prepared written charge, and it was refused. The law does not require any one to do a vain thing, and when a trial judge is requested to submit an issue which is raised by the pleadings and evidence, and he declares that he will not do so because of the insufficiency of testimony, it would be useless for the litigant making such request to reduce the same to writing and have the judge mark it "Refused"; and as this case belongs to that class, and as appellant complains of the action of the trial court in not submitting to the jury certain issues which he requested to have submitted, and of the action of that court in making the finding upon some of the issues, we have concluded that he is entitled to have the ruling referred to reviewed by this court. We hold that this case belongs in the class referred to, because the record shows that the judge in substance and effect held that neither of the issues concerning which he made findings should have been submitted to the jury; and his statement that the facts found by him were proved by uncontroverted testimony indicates with reasonable certainty his reason for refusing to submit the questions referred to; in other words, it is reasonably certain that the trial judge was of the opinion that the testimony relating to those issues was all one way, and established the facts as found by him, and that for that reason he would not have submitted those issues to the jury in any form.

[2, 3] The first assignment complains of the action of the trial court in refusing to submit to the jury the following issue requested by appellant:

"Did D. Monroe alone furnish to Jim Gaylor the goods, wares, and merchandise described in account sued upon herein?"

The rule relating to the landlord's statutory lien for supplies furnished to his tenant is stated by a standard authority as follows:

"As a general rule a landlord is not entitled to a lien upon his tenant's crop for supplies unless the same are furnished by the landlord himself. The landlord need not furnish direct from his own stores in order to raise a lien. He may purchase for his tenant and the articles may or may not pass through his hands; but he is not entitled to a lien where he merely guarantees payment for supplies furnished by a third party, and no direct indebtedness exists between himself and the tenant. In one state at least the statute gives the landlord a lien on his tenant's crops for advances made by him either directly 'or by another at his instance or request, or for which he became legally bound or liable at or before the time such advances were made.' Under this statute, when advances are made by a third party, it is essential to the existence of the lien that he shall look to the landlord for payment, although the advances may have been made at his instance or request, and that the tenant shall assent to the proceeding, or ratify it after notice. To constitute a lien for advances, they must have been made to or at the instance of the tenant who made the crop." 24 Cyc. 1253, 1254.

It has been decided in this state that, when the landlord merely guarantees or becomes surety for the supplies furnished to the tenant by a third person, the landlord has no statutory lien on the tenant's crop. Kelley v. King, 18 Tex. Civ. App. 360, 44 S. W. 915, and 50 S. W. 629. The rules announced by the authorities referred to are sound, and have application to this case. There was testimony tending strongly to show that the supplies furnished to the tenant were not furnished solely by the landlord, but were furnished by a mercantile firm

of which he was a member, and without the tenant knowing that he had any interest in the business; and appellee himself testified that he guaranteed the payment of the tenant's indebtedness for the supplies embraced in the account. If it be conceded that there was other testimony tending to show that he agreed to furnish the tenant with supplies, and that he arranged at the store to have them charged to himself and not to the tenant, nevertheless there was testimony tending to show that such was not the fact, and that appellee's relation to the transaction was nothing more than that of surety, and a silent partner in the mercantile firm which furnished the supplies. Such being the condition of the testimony, it was error, and perhaps fundamental error, for the trial court to refuse to submit to the jury the question of appellee's ownership of the supplies, and to make the finding upon that issue, upon the assumption that the testimony relating thereto was all in favor of appellee.

For the same reason, and upon the same principle, we sustain appellant's second, third, fourth, fifth, and sixth assignments of error. The assignments complain of the action of the court in refusing to submit certain other material issues to the jury and the findings by the court in favor of appellee upon those issues; the evidence being such as entitled appellant to have them submitted to the jury.

[4, 5] As the undisputed proof shows that appellant had removed a portion of the crop from the rented premises, without the consent of the landlord, and without accounting to him for his pro rata share thereof, the writ of sequestration was legally issued, and, as appellant did not seek in his cross-action to recover damages on account of the excessive levy, we hold that the trial court did not err in refusing to submit to the jury any question relating to appellant's alleged right to recover damages against appellee.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.