MATTHEWS v. MELASKY et al. (No. 6739.)

(Court of Civil Appeals of Texas. San Antonio. April 12, 1922.)

1. **Chattel mortgages** ⊙⇒48—**Description of crop held sufficiently definite to put buyer on inquiry.**

A description of cotton in a recorded mortgage as all the mortgagor's crop of 80 acres on "The Porter Walker farm" was sufficiently definite to put a buyer on inquiry, who knew the crop had been grown there and believed it subject to a landlord's lien, although the farm's location was inaccurately stated and the farm belonged to Fred Walker, Porter Walker's lessor.

2. **Landlord and tenant** ⊙⇒245—**Landlord who signs tenant's note as surety obtains no lien on crop raised by use of proceeds of loan.**

A landlord who signed as surety a note of his tenant for money borrowed to raise a crop of cotton did not obtain a lien superior to the claims of general creditors of the tenant, although he signed with that understanding, since he did not advance the money.

3. **Chattel mortgages** ⊙⇒136—**No waiver of lien by mortgagee of cotton, sold without his knowledge.**

There was no waiver of his lien by the mortgagee of a crop of cotton, where the mortgagor sold the cotton privately without his knowledge.

4. **Chattel mortgages** ⊙⇒136—**Mortgagee's lien waived by his acquiescence in open sale by mortgagor.**

The mortgagee of a crop who knowingly acquiesces in the mortgagor's sale of the crop in the open market and depends on the latter for an accounting waives his lien, and is estopped from asserting it.

Appeal from Williamson County Court; F. D. Love, Judge.

Action by Hyman Melasky and another, executor, against Paul Matthews and J. L. Reeves. From a judgment for plaintiffs, defendant Matthews appeals. Affirmed.

Wilcox & Graves, of Georgetown, for appellant.

Melasky & Moody, of Taylor, for appellees.

SMITH, J. As a tenant of Porter Walker, J. L. Reeves raised a cotton crop on Walker's farm in Williamson county in 1920. For the purpose of enabling Reeves to carry on his farming operations appellee Melasky advanced certain supplies to him, taking his notes therefor, secured by chattel mortgage on the crop to be grown. The mortgage was duly recorded. Reeves also borrowed $500 from a local bank, and used the money thus obtained in making his crop. His landlord, Walker, joined Reeves on this note, with the understanding that he would be protected, as

such indorser, by the landlord's lien. Reeves made his crop, and sold all of it, and out of the proceeds paid off the note to the bank, but did not pay off the Melasky notes. Appellant, Paul Matthews, purchased part of the cotton from Reeves. Melasky brought this suit against Reeves for the amount of the notes, and against Matthews for conversion of the cotton, alleging that the latter had notice of Reeves' debt and of the chattel mortgage on the crop. Upon a trial of the cause, the court directed a verdict for Melasky as prayed for, and judgment was rendered upon this verdict. Matthews alone has appealed.

[1] In his first assignment of error appellant asserts that the chattel mortgage was insufficient, for the reason that—

"In order to constitute notice, the description of the property therein mortgaged must be certain and definite, or contain therein such a description or reference as that by following up such the property can be identified with certainty."

The property was described in the mortgage as:

All of the mortgagor's crop, "consisting of 80 acres of cotton * * * on the Porter Walker farm, about 11 miles south of Taylor, Texas, or any other crop grown on any other place in said county that I may cultivate."

The proof showed that the farm in question was situated about 12 miles southwest of Taylor, and was owned by Fred Walker, but leased by Porter Walker, who sublet it to Reeves. Matthews, who purchased the cotton, knew the relations of the Walkers and Reeves, and the location of the farm in question, knew this cotton was from that farm, and believed Porter Walker had a landlord's lien thereon. The description in the mortgage was abundantly sufficient, at least to put Matthews on inquiry, which if pursued would have resulted in actual notice to him. Houssels v. Coe (Tex. Civ. App.) 159 S. W. 864. The first assignment is overruled. For like reasons the second assignment is overruled.

[2] It is asserted by appellant that the landlord's lien existed in favor of Walker as an indorser on Reeves' note to the bank, and that all the cotton purchased by appellant was covered by this landlord's lien, which was superior to Melasky's lien. The fact that the money obtained on this note was used by Reeves in his crop operations did not create a lien upon the crop in favor of Walker, as a landlord, simply because he was a surety on that note. A landlord who has not himself furnished advances essential to the tenant's operations, but instead, has merely become surety upon the obligations incurred by the tenant in procuring such advances, does not thereby acquire a lien, superior to

that of other creditors, for the value of the advances thus procured. Kelley v. King, 18 Tex. Civ. App. 360, 44 S. W. 915; Ranger Co. v. Terrett (Tex. Civ. App.) 106 S. W. 1145. Appellant's third assignment is overruled.

[3, 4] Appellant contends that there was evidence sufficient to raise a jury issue as to whether or not appellee by his words and conduct waived his lien. The cotton alleged to have been converted by appellant was purchased by him in September. There is no evidence that appellee knew that the tenant was selling, or had sold, any cotton until after appellant purchased; the contrary is conclusively shown. Of course, if the tenant was himself selling the mortgaged cotton on the open market with the mortgagee's knowledge and acquiescence, and the latter was depending upon the former for an accounting, the circumstances would warrant the application of the rules of estoppel and waiver. But no such case is presented here.

In our opinion, no error is presented in the record, and the judgment is affirmed.