MONROE v. GAYLOR.   (No. 626–4142.)*

(Commission of Appeals of Texas, Section A. Feb. 18, 1925.)

1. **Appeal and error** ⬤⟹544(2)—**Proper judgment depends solely on construction of jury's findings, where not assailed as unsupported by evidence.**

Where jury's findings are not assailed as not supported by evidence, nor court's charge attacked, and there is no statement of facts with record, what is proper judgment depends solely on proper construction of findings.

2. **Trial** ⬤⟹350(3)—**Issue as to whether landlord alone furnished supplies to tenant through third party held properly presented.**

Issue, in response to which jury found that landlord alone furnished tenant supplies through third party, held properly presented; effect of findings being that latter let tenant have supplies solely on landlord's credit and at his request, which met every requirement ordinarily entitling landlord to lien on crops.

3. **Landlord and tenant** ⬤⟹243—**Landlord furnishing supplies to tenant, without latter's knowledge, has no lien on crops.**

Landlord furnishing supplies to tenant, without latter's knowledge, through firm with which tenant thought he was dealing has no lien on tenant's crops.

4. **Landlord and tenant** ⬤⟹262(3)—**Liens for supplies furnished without tenant's knowledge not sustainable on theory of agreement not pleaded.**

Landlord's lien on crops for supplies furnished tenant, without his knowledge, through third party cannot be sustained on theory of agreement, not pleaded, to furnish supplies when rental contract was made.

5. **Landlord and tenant** ⬤⟹243—**Tenant's absence of knowledge that landlord was furnishing supplies negatives contract therefor with landlord.**

Tenant's want of knowledge that landlord was furnishing supplies through firm with which tenant supposed he was dealing, precludes idea of consent necessary to consummation of contract with landlord for supplies.

6. **Trial** ⬤⟹350(4)—**Landlord's ownership of account with tenant for supplies furnished held insufficiently pleaded.**

Allegation that supplies were furnished tenant by named firm at special instance and request of landlord and were sold to latter, who paid therefor, held insufficient to support finding that landlord was real owner of account with tenant.

7. **Appeal and error** ⬤⟹1006(2)—**Further trial of issue settled by jury's verdict on second trial unnecessary.**

Issue whether landlord alone furnished supplies to tenant through firm, with which tenant supposed he was dealing, held settled by jury's verdict on second trial, so as to render further trial unnecessary.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by D. Monroe against Jim Gaylor. Judgment for plaintiff in district court was reversed by the Court of Civil Appeals and remanded, with instructions (260 S. W. 929), and both parties bring error. Judgments reversed, and cause remanded, with instructions.

Chambers, Wallace & Gillis, of Cameron, for plaintiff in error.

M. G. Cox, of Cameron, for defendant in error.

GERMAN, P. J. For the year 1918 Jim Gaylor was the tenant of D. Monroe on his farm in Milam county, Tex. Gaylor obtained certain provisions and supplies, necessary to enable him to make a crop upon said farm during said year. There is no controversy as to the value of the supplies obtained. Monroe claimed that he furnished the supplies to Gaylor and was entitled to recover therefor, and also entitled to a landlord's lien under the statute for the value of said supplies. Suit was instituted by Monroe against Gaylor. He recovered a judgment, and this was reversed by the Court of Civil Appeals (221 S. W. 330) because certain issues were not submitted to the jury. The case was tried again in the district court of Milam county. Upon this trial Gaylor sought to defeat Monroe's suit upon two main contentions:

First. Admitting that he obtained the supplies in question from the mercantile firm of Middleton & Co., nevertheless they were not sold or delivered to him solely upon the credit of Monroe, or at his request, but were obtained by him under an agreement between himself and Middleton & Co., and if Monroe had anything to do with the matter he merely guaranteed or stood good for the same.

Second. That, if the supplies in question were furnished by Monroe and delivered to him by Middleton & Co. solely upon the credit of Monroe and at his request, then he did not know anything about any such arrangement, or that Monroe was thus furnishing the supplies.

Numerous special issues were submitted to the jury, and upon their findings the trial

---

court rendered judgment in favor of Monroe for $424.77 as rents, and $583.94 as the amount of the supplies in question, less a credit of $78.75, and decreed that a landlord's lien existed in his favor to secure the same. In an opinion by Judge Key, the Court of Civil Appeals on June 4, 1923, reversed and remanded the case, on the ground that the finding of the jury to subdivision (b) of special issue No. 2 had the effect of showing that Monroe was not entitled to a landlord's lien for the value of the supplies, because, as found by the jury, they were furnished to Gaylor, through Middleton & Co., without the knowledge of Gaylor. Judge Key did not discuss the right of Monroe to a judgment for the debt without the landlord's lien, nor was any judgment allowed for rents. There were two opinions on motion for rehearing, each written by Judge McClendon, the present Chief Justice; Judge Key having died while motion for rehearing was pending. In each of these opinions the court approved the former holding to the effect that Monroe was not entitled to the lien for the supplies. In the first opinion, however, Judge McClendon held that Monroe was not entitled to anything for the supplies. In the second opinion he held that Monroe was entitled to a judgment for the supplies, without the landlord's lien. In the district court, and on motion for rehearing in the Court of Civil Appeals, judgment was in favor of Monroe for $424.77 as amount due for rents, and he was allowed foreclosure of landlord's lien for this sum. 260 S. W. 929. Monroe's right to the rent money has never been questioned, and in the first opinion by the Court of Civil Appeals that court was in error in remanding the case in that particular, without instructions.

Both parties have prosecuted writs of error. Gaylor complains that judgment for the supplies should not have been rendered against him. Monroe complains because he was denied a lien for the supplies. We will refer to the parties as in the district court.

[1] No one has assailed any finding of the jury as not being supported by the evidence, nor has the charge of the court been attacked. What is a proper judgment in the case, so far as the lien is concerned, depends solely upon a proper construction of the findings of the jury. There is no statement of facts with the record.

[2] In response to special issue No. 1 the jury found that Monroe alone furnished to Gaylor, his tenant, the goods, wares, and merchandise described in the account and sued for. They also found that Monroe furnished these supplies through Middleton & Co. In connection with this issue the jury was charged by the court that if the supplies were furnished by Middleton & Co., at the request of Monroe and solely upon his credit, then in contemplation of law Monroe furnished same to Gaylor; but they were further instructed that if Monroe only guaranteed or stood for the supplies, and they were not delivered solely upon his credit, then, in contemplation of law, Monroe did not furnish the same.

In the light of the pleadings and the first contention made by defendant, we have decided that this issue was properly presented, and that the charge accompanying same was substantially correct. In any event, neither party has complained of the charge. The purpose of this issue was to determine whether or not Monroe was primarily liable to Middleton & Co. for the advancements, or only occupied the position of a surety. The answers of the jury decided this issue in his favor, and the effect of such findings was that Middleton & Co. let Gaylor have the supplies solely upon Monroe's credit, and at his request, but negotiated with Gaylor in the matter of furnishing same to him. This met every requirement of the law, as reflected by numerous decisions, which must ordinarily be met to entitle the landlord to a lien under the statute for supplies furnished the tenant. This is clearly what the jury meant in the finding that Monroe alone furnished the supplies.

[3] But the situation is not that which is ordinarily presented in cases of this kind. Defendant's second contention, as indicated above, was that, if Monroe actually furnished the supplies, in the manner above indicated, then he did not know anything about it. This particular issue was presented by subdivision (b) of the second special issue, and the jury found that Gaylor did not know that Monroe was furnishing the supplies; or, in other words, he did not know that Middleton & Co. were advancing them to him solely upon Monroe's credit and at Monroe's request. The inevitable inference from these findings is that, while Middleton & Co. were in fact selling the supplies to Monroe, and were acting as his agents in delivering them to Gaylor, yet Gaylor did not know about such arrangement, and must necessarily have thought that he was dealing directly with Middleton & Co. in the buying of the supplies.

In the light of the whole situation there is no conflict whatever in the findings. The question is, Under such a situation, did the statute give to Monroe a lien? We agree with the Court of Civil Appeals that it did not. As between Monroe and Middleton & Co., Monroe did furnish the supplies in contemplation of law, because he was the one primarily liable for their payment, but as between him and Gaylor he did not furnish same in contemplation of the statute which gives a lien therefor. We think the element of knowledge or acquiescence on the part of Gaylor was absolutely essential. It would be a dangerous rule which allowed the landlord to fix a lien upon the crops of his tenant without his knowledge or consent. We

do not think it can be earnestly contended that such was ever in the purview of the law.

It follows from what we have said that the answer of the jury to subdivison (b) under the pleadings is by no means an immaterial finding which may be disregarded in order to uphold the judgment of the trial court.

[4] Plaintiff, Monroe, contends that, if the judgment as to the lien may be upheld upon any theory raised by the pleadings, it will be presumed, in the absence of a statement of facts, that the trial court found in favor of such theory, although there was no finding of the jury thereon. And in this connection it is urged that the lien may be sustained on the theory that the trial court found that an agreement was made at the time the rental contract was entered into whereby plaintiff was to furnish defendant supplies. This might be true if plaintiff had pleaded such agreement, but we do not find in the pleadings a reference to any such contract or arrangement. Besides, the finding of the jury to subdivision (b) negatives the idea of such agreement.

[5, 6] We are unable to concur in the opinion that Monroe is entitled to judgment for the supplies. In order to recover it was necessary for him to show one of two things; that is, either a contract between himself and Gaylor by which the latter became obligated and bound to pay for the supplies, or else show that he was owner of the account by reason of some assignment from, or agreement with, Middleton & Co. The finding of the jury necessarily negatives the contention that there was a contract between the landlord and tenant as to the supplies. One of the fundamental essentials of such a contract is an agreement to which both parties have assented. Galveston Wharf Co. v. G., C. & S. F. Ry. Co., 72 Tex. 454, 10 S. W. 537. The absence of knowledge on the part of Gaylor that Monroe was furnishing the supplies precludes the idea of consent on his part to such arrangement. Nor is there sufficient pleading by plaintiff to support a finding that Monroe was the real owner of the account. The only allegation which has bearing upon this question is the following:

"That the said supplies were furnished to the said defendant Jim Gaylor by the firm of J. E. Middleton & Co. at the special instance and request of this plaintiff, and that the same were sold to this plaintiff, and that the plaintiff did pay therefor."

This falls far short of an allegation that Monroe was the owner of the account and was entitled to enforce its payment against Gaylor. Gaylor had his contract with Middleton & Co., and there may have been many equities which he could assert as against them, and which were not available as against Monroe.

[7] The case has been tried in the district court twice, and this is the second appeal. It seems to us that the verdict of the jury has settled the issue as to the parties, as made by their pleadings, and we see no necessity for another trial.

It is our recommendation that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be reversed and the cause remanded, with instructions that judgment be entered in favor of Monroe for his rents amounting to $424.77, less Gaylor's counterclaim of $78.-75, with foreclosure of his landlord's lien upon the proceeds of property disposed of under order of the court, and as to the account for supplies he take nothing, and that the court make such orders with reference to restitution and concerning the proceeds of property sold as may be necessary and proper in the premises.

GREENWOOD and PIERSON, JJ., concur.

Judgments of the Court of Civil Appeals and district court reversed and cause remanded to the district court, with instructions, as recommended by the Commission of Appeals.