### HARRIS v. LEVY et al.
#### No. 4572.

Court of Civil Appeals of Texas. El Paso.
June 9, 1948.

Rehearing Denied June 30, 1948.

156

Cunningham, Ward & Cunningham, of El Paso, for appellant.

Kemp, Smith, Brown & Goggin & White and Jones, Hardie, Grambling & Howell, all of El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal from El Paso County, 41st Judicial District. J. V. Harris, individually and as next friend for Lavern Harris, his minor son, sued Leslie Levy, d/b/a Angelus Cleaners, to recover damages arising from a collision between a truck driven by defendant's employe and the small car in which Lavern Harris was riding. The trial was before the court and jury, submission upon special issues. On the verdict returned the court entered judgment in favor of defendant, and plaintiff has perfected this appeal.

There is no question arising on the pleadings in this case, and same will not be summarized further than is necessary in the discussion of the case.

The accident occurred at the intersection of Ange and Arizona Streets in the city of El Paso, Texas. Just prior to the collision defendant's employe, Roberto Perales, was driving defendant's truck south on Ange Street. The car in which plaintiff's minor son was riding was proceeding south along the same street. The car in which plaintiff's minor son was riding is called a bantam car, and the evidence discloses that same was what is known as an Austin car, with seats for four persons. Besides plaintiff it was occupied by six other boys. It might be added here that the driver of this bantam car and his father were made parties defendant but the court instructed a verdict in their favor and there is no appeal as to that part of the judgment. The court submitted several issues in favor of plaintiff, but all of said issues save one were answered in favor of defendant. The verdict likewise found that at the time just prior to the collision the employee of defendant driving his truck was not acting within the scope of his employment. In favor of plaintiff the jury found that defendant's truck was not provided with adequate brakes; that this was the proximate cause of the accident; that prior to the accident defendant knew that his truck was not equipped with adequate brakes in good working order; that defendant was guilty of negligence in permitting his employee to so operate his truck on the occasion in question without adequate brakes and that such negligence was the proximate cause of the accident. The verdict further found Lavern Harris, plaintiff's minor son, was guilty of contributory negligence in riding in said car with six other boys; was likewise guilty of contributory negligence in riding in the bantam automobile with his left leg projected out of the back of said automobile; found that Lavern Harris suffered no damage as a result of the accident.

The judgment as rendered finds support in the verdict as follows: First, that the driver of the truck at the time of the collision was not acting within the scope of his employment; the finding that Lavern Harris was guilty of contributory negligence; in the finding that Lavern Harris suffered no damage. As has been stated, the only finding in favor of Lavern Harris was a finding that defendant's employee, with defendant's knowledge was operating the truck with defective brakes on the occasion in question. As has been stated there was also a finding that at the time of the collision defendant's employee was not acting within the scope of his employment. There may be a conflict between the finding that defendant was guilty of negligence in allowing his truck to be operated by his employee on the occasion in question with knowledge that the brakes were inadequate, and the finding that said employee was not acting in the course of his employment at the time the collision in question occurred. In the opinion of the writer if the employee of defendant was acting without the scope of his employment there is no evi-

dence upon which to base a finding that on the occasion in question he was operating the truck with the consent of defendant. However, it is not deemed necessary to decide or discuss this question.

Plaintiff's motion for new trial and the points of error urge error in the admission of testimony, error as to directions given the jury in connection with the issue as to whether defendant's employee was acting in the scope of his employment; error in the submission of issues as to Lavern Harris' contributory negligence, and misconduct of the jury. It is charged the court erred in permitting the defendant to testify in substance that at some time prior to the accident he saw his employee Perales on Cotton Avenue, and he asked him what he was doing in that territory, and stated to him that he knew very well that that part of town was not in his district and that his district was Oregon and west of Oregon, and that when he said same to Perales, Perales went away "sheepish." On another occasion in permitting defendant Levy to testify that he told said Perales he had no business in certain territory and that his territory was Oregon Street and west of Oregon Street; that Perales was just sheepish and walked away from him. Third, the error of the court in permitting the defendant Levy to testify in effect that on the afternoon of the accident, at about 2:30 P. M. Roberto Perales had no business at said place (that is, the scene of the accident) further in permitting defendant to testify to the effect that he had given instructions to Perales not to deliver clothes east of Oregon Street and that the city of El Paso had been divided up into sections.

■■ The question of whether or not Perales was acting in the course of his employment at the time of the collision in question depended upon the authority delegated to him by his employer, the defendant Levy. In order to show this, conversations with the employee and directions given him by the employer prior to the accident in question would seem to be relevant. In the absence of written directions it is hard to conceive how this question could be determined without reference to the general course of employment or the directions

given by the employer to employee. The issue is not as to the truth of the words spoken, but were they in fact spoken. The words in and of themselves had a tendency to prove the scope and extent of the employment. Black v. State, 46 Tex. Cr. R. 590; 81 S.W. 302. In regard to the testimony that on the occasion in question Perales had no business at the place where the accident occurred, same is in the nature of a conclusion on the part of the witness, but in view of the fact that the witness was examined and testified as to the facts involved, we do not see that plaintiff suffered any real harm from the testimony.

■ Plaintiff has a point in his motion for new trial that the court committed error in permitting defendant Levy to testify he told Roberto Perales he had no business in certain territory, that his territory was Oregon Street and west of Oregon Street. In the statement it is shown that defendant's counsel asked him whether or not after learning of the accident he said anything to Roberto Perales about him being present with the defendant's truck where the accident occurred, that over the objection of the plaintiff that such testimony would be hearsay and immaterial the court allowed the defendant to testify as follows: "I told him he had no business in that territory and his territory was Oregon and west of Oregon and I asked him why he was out in that territory," that Perales was sheepish and walked away. In our opinion the court erred in permitting defendant to so testify over the objection of plaintiff that this testimony was hearsay and should not have been admitted. This was a self serving declaration. It in no way tended to show a delegation of duty or limitation thereof at the relevant time. Johnson v. State, Tex. Cr. App., 55 S.W. 576. If the judgment found sole support in the finding that Roberto Perales at the time of the accident was not acting in the course of his employment, it would unquestionably constitute reversible error, but the judgment is supported by the verdict finding Lavern Harris guilty of contributory negligence.

■ Complaint is made that the jury took with them into their retirement a

sketch drawn by the witness Roberto Perales, on the ground that same was not introduced in evidence. This sketch was attached to his deposition as an exhibit, but when said deposition was read in evidence, or the parts thereof introduced, this exhibit was detached therefrom. The exhibit purports to show the intersection of 'Ange and Arizona Streets; the position of defendant's truck as on the right hand side of Ange Street just prior to the accident; the position of the bantam car in which the boys were riding just prior to the collision and the course the bantam car took in turning to the right at the intersection and coming immediately into the pathway of the truck. As has been said, this sketch had been marked as an exhibit attached to the deposition. It was never formally offered in evidence on this trial. However, most of the jury saw it before retiring. Just how this sketch came into the possession of the jury is not entirely clear. However, we shall assume that same was handed to the foreman of the jury by the clerk of the Court with the charge and other documentary evidence. Whether or not counsel for the plaintiff knew that this sketch was handed to the jury does not appear from the record here. If counsel for the plaintiff did know that the jury was taking this sketch with them in their retirement, there was no exception made thereto. It is not meant to in any way intimate that counsel for the plaintiff knew that this sketch was given to the jury; the record is utterly silent on the point. Of course if the sketch was handed to the jury by the clerk of the court with the charge and other exhibits, this would seem ample warrant for their consideration thereof. If plaintiff's attorney knew the sketch was delivered to the jury and failed to object he would not, should not be heard to complain here. Thomasson v. Davis, Tex.Civ.App., 74 S.W.2d 557.

▮▮▮ Rule 281 provides in substance what writings the jury may take with them in their retirement; that they may take any written evidence except the depositions of witnesses. It is thought that the taking of any part of a deposition of a witness would violate this rule. Aside from the testimony of the witness Perales this sketch had no effect as proof. It reflected, and only reflected, his word with relation to the relative positions of the two motor vehicles just prior to and at the time of the accident. It was a description of matters transpiring, shown by lines and symbols. Even though it had been formally offered in evidence we think under Rule 281, Texas Rules of Civil Procedure, it would have been improper for the jury to take same into their retirement. Even though detached it was just as much a part of the deposition as the purely oral statement. Snow v. Starr, 75 Tex. 411, 12 S.W. 673; Chamberlain v. Pybas, 81 Tex. 511, 516, 17 S.W. 50. If the issues as to which this testimony was relevant formed the sole support for the judgment rendered, that is, unless it found support in findings in other independent issues, it would present reversible error if properly assigned, the only doubt being as to whether it was incumbent upon plaintiff to show that he did not know that the jury had taken this paper with them in their retirement. This sketch singled out and gave undue prominence to the deposition of Perales. It is our view that on certain issues it was tantamount to giving the jury the deposition of Perales. The assignment in the motion for a new trial was and the point of error here is that the jury were guilty of misconduct in taking with them a sketch not introduced in evidence. There is no evidence that this sketch was not delivered to the jury with the charge of the court and other papers. If this be the case it could not constitute misconduct on the part of the jury to consider same. Most certainly under the certificate of the learned trial judge the sketch was delivered to the jury in open court when they retired to consider their verdict.

▮▮▮ This judgment finds support in issues other than the freedom of Perales from negligence, in fact, the verdict does not free either Perales or his employer from negligence. The verdict found plaintiff's minor son guilty of negligence in riding in an overcrowded car; guilty of negligence in the manner he was riding in the car as we have before set out. This sketch could have no bearing on the issues of contributory negligence. If this be incorrect

it is thought it is beyond the power of this court to reverse the case for error in permitting a jury to take with them on their retirement a sketch, a part of a deposition under an assignment that the jury "was guilty of misconduct in considering a sketch which had not been introduced in evidence." The giving of the sketch to the jury together with the testimony of the witness Perales relative thereto was for all practical purposes introducing it in evidence. Hilker v. Agricultural Bond & Credit Corporation, Tex. Civ. App., 96 S.W.2d 544, 545.

Plaintiff assails the action of the court in the submission of the issues as to contributory negligence. Lavern was found guilty of contributory negligence in riding in the small car with six other boys, and so riding in the car that his leg or legs protruded from the rear of the car. The acts constituting negligence so found were found to be the proximate cause of the injury. The statement of this rather general point of error merely recites the substance of the issues given. Some evidence was summarized under the heading of Argument and Authorities. There is no direct evidence that the presence of seven persons in this small automobile interfered with the handling of same, but there was evidence that the driver of the car on reaching Arizona Street turned suddenly to the right into the pathway of defendant's truck. Unless the driver of the car was unaware of the position of the truck at the time of turning to the right his action was almost suicidal. In regard to riding with his legs protruding from the back of the car it appears that young Harris was the only one of the boys in the car that was injured. In our opinion the issues submitted were raised by the evidence. With seven persons crowded into a car the size of the one here involved it is not beyond the realm of reason to infer that the driver thereof could not as readily handle same and keep a proper lookout as with fewer people in the car. It is not unreasonable to charge the plaintiff with the knowledge of the danger involved in riding in a small car occupied by seven people. In regard to the boy's legs protruding from the rear of the car, he was the only one riding in the car that was injured. In an ordinary passenger automobile the persons riding in the rear seat are protected to an extent by the projection of the car to the rear of where they are riding. It is thought that the issues of contributory negligence submitted were raised by the evidence.

Questions as to the misconduct of the jury are presented by this appeal. It is charged that the jury took into consideration and discussed the wealth of the parties, particularly that of plaintiff; guilty of misconduct in answering issues 3 to 12 with a design not to reflect upon the witness Roberto Perales; that they answered special issues submitted to them with a design to reach a general verdict; guilty of misconduct which amounted to material error. This latter point is deemed too general to merit consideration, as likewise the general point that justice was not done. Before taking up and disposing of these points of error specifically it may aid to set forth the legal propositions deemed applicable.

Where the evidence raises an issue of fact relative thereto, the occurrence of misconduct is a question of fact to be determined by the trial court. Its finding is final. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. If misconduct of the jury be established, its effect is a question of law, a question of law to be primarily determined by the trial court, but it is likewise a question of law that must be determined by the Appellate Court. Barrington v. Duncan, supra. The factors to be taken into consideration are prescribed by Rules of Civil Procedure, rule 327, which is in substance that the court shall receive testimony and may grant a mistrial if such misconduct is proved and if it reasonably appears from the evidence both on the hearing of the motion and from the trial of the case and from the record as a whole that injury probably resulted to the complaining party. The finding of the trial court that it reasonably appeared from the evidence on the hearing of the motion and the trial of the case and from the record as a whole that injury did not probably result to the complaining party is not binding on the appellate court, but the appellate court is called upon to decide this question of

160

law, taking into consideration the factors prescribed by said rule. Barrington v. Duncan, supra.

 In regard to the discussion by the jury of the wealth of the parties, one of the jurors stated that perhaps Mr. Levy, the defendant, had more money than Mr. Harris, the father of Lavern, but that Mr. Harris made more money than Mr. Levy; that the fact was mentioned that Lavern Harris being the minor son of plaintiff Harris, the latter was wholly responsible for his well being until he became of age. These matters came up in discussion of damages to be allowed. The statement, furthermore, was made that the boy's father was capable of taking care of him. It was doubtless bad taste for the jurors to mention the financial condition of the parties, but it is inconceivable that an American juror would be influenced by any such consideration. The discussion does not seem to have been pursued to any great extent. The judgment finds support in the finding that Lavern Harris was guilty of contributory negligence. The finding of no damage was immaterial in view of the other findings. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334.

There is no point of error urged here that the finding as to no damage to Lavern Harris evidenced passion or prejudice against the plaintiff. The finding is of course contrary to the undisputed evidence in the case.

The statement under the point of error attempts to show that questions 3 to 12 were answered with a desire not to pass on the issues under the evidence, but to avoid reflection upon Roberto Perales. This contention is based upon the testimony of juror Darden, who testified upon the motion for new trial. On this point intrinsically the testimony of the juror lacks clarity and definiteness. The juror says he thought the discussion was first started through Mr. Strickland, the foreman. Mr. Strickland was not interrogated about the matter. The testimony is almost incoherent. In our opinion the trial court, on account of the uncertainties of the testimony itself, was warranted in finding that no material misconduct occurred.

It is charged that defendant Levy was guilty of misconduct in that while this cause was in progress he furnished some of the jurors with cigarettes. The evidence would justify a finding that Mr. Levy did not furnish the jurors or any of them with cigarettes. There is evidence that Mr. Levy, the defendant, did talk with one or more of the jurors. This was excessively bad taste on the part of Mr. Levy, but the assignment is not that Mr. Levy talked and engaged in social intercourse with the jury, but the charge is that he furnished some of the jurors with cigarettes. The evidence was ample to justify an implied finding on the part of the court that he did not furnish cigarettes to the jurors, that the conversation in no way related to the case on trial. As we have stated, as to whether the misconduct charged occurred is a question for the trial court on the hearing of the motion for new trial. By implication there is a finding of the trial court that this misconduct assigned for reversal did not occur. All the points of error have been carefully considered and we are of the opinion that reversible error is not shown.

It is ordered that the judgment of the trial court be in all things affirmed.