REYNOLDS BROTHERS, INCOR-
PORATED, Appellant,

v.

A. D. DODSON, Appellee.

No. 41.

Court of Civil Appeals of Texas.

Corpus Christi.

June 11, 1964.

Rehearing Denied July 9, 1964.

Lee Mahoney, of Mahoney, Shaffer & Hatch, Corpus Christi, for appellant.

Joe Caldwell and Ellis Clark, Rockport, for appellee.

SHARPE, Justice.

This is an appeal from a judgment awarding appellee the sum of $6,371.81 against appellant in connection with the sale of a boat by appellant to appellee. Trial was to the court and jury.

One special issue was submitted to and answered by the jury as follows:

"Do you find from a preponderance of the evidence that the vessel in question was entirely worthless to plaintiff for the purpose for which it was intended?"

Answer: "It was entirely worthless."

Appellant originally urged four points of error but, on oral argument, abandoned its point number one. Points two, three and four are all directed to the alleged incorrectness and insufficiency of said special issue. Appellant contends that the issue as framed constitutes a comment on the weight of the evidence; that it imposes a higher test as to worth than is required by law in the use of the words "to plaintiff"; and that such issue is an erroneous submission of the proper test to be applied in this case.

The factual background of the case may be briefly stated as follows: On March 30, 1960, appellee ordered from appellant a twenty-four foot Sea Skiff, powered by a Chrysler engine, which was to be delivered at Fulton, Texas, on or about November 1, 1960. The price of the new boat was $5,523.12, which was paid by appellee to the extent of $1,900.00 by trading in a used boat and trailer and the balance of $3,623.12 in cash, said price including $583.12 for transportation charges and taxes. The sale of the vessel in question was by description. The matter was first discussed at appellant's place of business in Corpus Christi, Texas, where appellee looked at literature furnished by the manufacturer with reference to a twenty-four foot boat. Appellee was advised that appellant did not have previous experience with the particular make and model vessel which was discussed by them. After appellee placed an order for a twenty-four foot vessel, the manufacturer increased the keel length of such model to twenty-five feet. Appellant advised appellee of such fact and at the same time furnished him a specification sheet on the twenty-five foot vessel. The record herein does not reflect any testimony showing that the buyer and seller discussed the speed at which either the engine or the vessel would operate satisfactorily or that any representation was made in such connection in the specifications or otherwise. The skiff was prepared for launching by a third party at Fulton, Texas. It performed satisfactorily up to the point where the engine did not exceed about 2600 r. p. m., according to appellee's expert witness, but above that speed developed a vibration which some of the witnesses described as "cavitation". After various adjustments and repairs were made, without results satisfactory to appellee, this suit was filed.

The effect of the judgment is to decree a rescission and to allow appellee recovery of the purchase price of the vessel in question, plus interest from date of judgment.

The general rules concerning rescission of the sale of personal property have been aptly stated in the cases of Wright v. Davenport, 44 Tex. 164 (1875); Dillard v. Clutter, 145 S.W.2d 632 (Tex.Civ.App., 1940, writ ref.) and Bedner v. Dunigan Tool and Supply Company, 142 Tex. 663, 180 S.W.2d 919 (1944).

■ In Wright v. Davenport, supra, the Court said:

"Where there is a breach of the agreement or warranty, accompanied with fraud, the buyer may always return the goods or not, at his pleasure. When there is no fraud, and the warranty goes to the fitness of the article, and it proves wholly unsuitable, or to the identity of the article, and it proves another thing from that for which it was sold, it may be returned upon breach of the agreement or warranty. But if the warranty goes to the degree of fitness or to quality, and it proves to be of an inferior quality or fitness, the goods cannot be returned, and the remedy is by action for damages, the measure of which is the difference between the value of the article as it is and as it was represented to be. Thus, if a machine is sold for a particular purpose, and it will perform none of the functions, it may be returned; but if it only performed them badly the remedy is by action for damages."

■ In Dillard v. Clutter, supra, the Court said:

"The only condition under which a buyer has the right of rescission by reason of the warranty of the seller, in the absence of fraud or an agreement for rescission, is where the article or property purchased proves wholly unsuitable for the use or purpose to which it is known by the seller that the buyer intends to place it, or the identity of the article and it proves to be something other than that which was purchased."

In Bedner v. Dunigan, supra, the Court said:

"The rule is recognized in this state that when the article purchased is entirely worthless for the purpose for which it was known to the seller to have been intended, the buyer is entitled to rescind the contract and recover back the purchase money paid, provided 'the purchaser as soon as he discovers this fact promptly notifies the seller and tenders back the property.'"

In the recent case of Adams v. Bailey Transportation Company, 334 S.W.2d 591 (Tex.Civ.App., 1960, writ ref. n. r. e.), the rules announced in the above cited cases were reiterated and reversal was ordered because of the insufficiency and incorrectness of an issue submitted to the jury, similar, in some respects to the issue in this case.

The special issue submitted to the jury in this case was not in accordance with the rules announced in the cases hereinbefore referred to, and some of appellant's objections to it should have been sustained. In short, the issue did not inquire, in substance, if the vessel in question was entirely worthless for the purpose for which it was known to the seller that the buyer intended to place it. The inquiry as to "the purpose for which it was intended" was ambiguous and did not supply a proper test in this case. The jury was not furnished a standard as to what person or persons had determined the "intended" purpose, whether the seller, the buyer, the manufacturer, or some combination of them. The words "to plaintiff" might involve an undisclosed purpose or intention on the buyer's part, particularly since the issue did not contain any inquiry as to the seller's knowledge of the buyer's purpose either as to the speed of the engine or of the vessel.

Because of the errors contained in the special issue submitted to the jury over proper objection of appellant, the judgment must be reversed.

The erroneous submission of the single special issue in this case was closely related to a finding of the trial court that an implied warranty was conclusively established. The trial judge found in the judgment "That as a matter of law, there being no probative evidence to the contrary, defendant (seller), knowing the purpose for which plaintiff (buyer) was buying the boat involved in this suit, made an implied warranty, upon which plaintiff relied, that said boat was suitable for the purposes for which it was sold and would perform the purposes for which it was sold." The evidence contained in the present record does not authorize the trial judge to find as a matter of law that either an express or implied warranty existed that the vessel in question would operate satisfactorily at an engine speed in excess of about 2600 r. p. m. Appellee offered a witness who testified, in substance, that the vessel in question would travel at a speed of 12 to 15 miles per hour with the engine operating at 2300 to 2600 r. p. m., and that said vessel may very well have been built not to do more than 12 to 15 miles per hour; that there are boats built like that which do not have power to pull them over 12 miles per hour. The fact that the seller knew in a general way that the buyer intended to use the vessel for boating and fishing does not determine the issue created by the buyer's contention that it should operate satisfactorily at an engine speed in excess of 2600 r. p. m. Consideration of the entire record reflects that, at most, fact issues were presented as to the existence and nature of the alleged warranty or warranties. See 50 Tex.Jur.2d, Sales, § 154, p. 462.

In view of a new trial, we deem it appropriate to call attention to certain basic matters which are involved. A buyer who claims to have suffered legal injury at the hands of a seller may have a choice of

remedies; depending upon the nature of the wrong and the circumstances of the case. He may allege a cause of action giving rise to rescission, and, alternatively, may affirm the contract of sale and claim damages for its breach; but he is not finally entitled to both remedies, since they are inconsistent in nature. A buyer who so pleads alternatively, and does not make an earlier election, is entitled to have all ultimate issues of fact raised by the pleadings and evidence submitted to the jury if they are not conclusively established. Whether they relate to the cause of action for rescission or that involving damages for breach; however, he must elect which theory he will rely upon prior to judgment so that the trial court may properly act in connection with rendition of same. Wood v. Williams, 46 S.W.2d 332 (Tex.Civ.App., 1932, writ dismissed); Roark v. Prideaux, 284 S.W. 624, 629 (Tex.Civ.App., 1926), affirmed, 291 S.W. 868 (Tex.Comm.App., 1927); Ruberoid Co., Inc. v. Briscoe (5th Cir., 1961), 293 F.2d 712.

Upon a new trial of this case the appellee (plaintiff) should make it clear whether or not he desires to plead alternatively for either rescission or for damages involving breach. If appellee does so plead alternatively, and does not elect at an earlier time, the court should submit all disputed ultimate fact issues to the jury whether relating to total or partial failure of consideration, rescission, damages for breach of contract or of warranty or other pertinent issues. Thereafter, and prior to entry of judgment, appellee should be required to make a final election as to which theory he will rely upon. The court should also submit all ultimate fact issues raised by the pleadings and the evidence which are relied upon by the appellant (seller) as defenses to the cause or causes of action asserted by the buyer.

The judgment is reversed and the cause is remanded for new trial.