Corynne M. PARKS et vir., Appellants,

v.

Everett JONES et ux., Appellees.

No. 4525.

Court of Civil Appeals of Texas.

Waco.

Oct. 20, 1966.

Rehearing Denied Nov. 10, 1966.

Carl E. Mason, Waco, for appellants.

William B. Martin, Hillsboro, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by the Parks from a judgment against them for $2000 damages for dispossessing the Jones from a farm.

Plaintiffs Parks sued defendants Jones in trespass to try title for title and possession of 206 acres of land, and by sequestration dispossessed the Jones from possession. The Jones, by cross-action, alleged an oral lease to the property for the year 1963, and sought recovery of $2406.90 damages for loss of the use of the premises for 1963. Trial was to a jury which, in answer to issues submitted, found:

1) Lena Caldwell leased the premises to the Jones for the year 1963.

2) Corynne Parks or Claud Parks had actual knowledge of such lease agreement before November 8, 1962.

3) The Jones were damaged $2000 as a result of loss of use of the property for the year 1963.

The trial court entered judgment decreeing title and possession of the property to the Parks; and further entered judgment for the Jones on their cross-action for $2000. against the Parks and the sureties on their sequestration bond.

The Parks appeal, contending:

1) The trial court erred in not permitting the Parks to open and close jury argument.

2) There is insufficient evidence to support the finding that the Jones had leased the premises for 1963.

3) There is no evidence, or insufficient evidence, that the Jones had been damaged $2000 for the year 1963 by having to move from the premises.

4) The Jones failed to prove that they attempted to mitigate any damages they suffered by having to move from the premises.

We revert to appellants' contention 1, that the trial court erred in not permitting the Parks to open and close jury argument. Parks filed the instant case as a trespass to try title suit; and Jones cross-acted alleging an oral lease on the property for the year 1963. The three issues submitted to the jury were issues on Jones' cross-action, and upon which Jones had the burden of proof. Rule 269 Texas Rules of Civil Procedure provides that the party having the burden of proof on the whole case, *"or on all matters which are submitted by the charge,"* shall be entitled to open and close. City of Teague v. Stiles, Tex. Civ.App., n. r. e., 263 S.W.2d 623, 625. The trial court correctly permitted Jones' counsel to open and close jury argument.

Appellants' 2nd contention is that there is insufficient evidence to support the finding that the Jones had the premises leased for 1963. Mrs. Caldwell owned the 206-acre farm which for five years she had been renting orally on a year to year basis to Jones and wife. The Jones rented the property in 1962. On October 8, 1962 Mrs. Caldwell sold the property to Mrs. Parks. Mr. Jones testified that Mrs. Caldwell leased the premises to him for 1963 orally on or about July 10, 1962. Mrs. Caldwell testified the lease was subject to the possibility of sale. Mr. Jones was in possession in 1962 and in 1963 until dispossessed by sequestration in January, 1963. Mr. Jones had cattle on the place, hay stored in the barn, and had plowed the land. We think the jury authorized to find that Mrs. Caldwell had leased to the Jones for 1963, and that such finding is supported by sufficient evidence.

Appellants' third contention is there is no evidence, or insufficient evidence, that the Jones were damaged $2000 by having to move from the premises. Jones testified that he made a net profit of $396. from crops on the place, and $1750. on the cattle on the place in 1962. The evidence reflected that 1963 was a better year for farming in the vicinity than 1962. Jones was out moving expenses as a result of being wrongfully dispossessed. We think the evidence ample to support the finding.

Appellants' fourth contention is that the Jones failed to prove that they attempted to mitigate any damages they may have suffered by having to move. The burden was on appellants to plead and prove that the Jones failed to mitigate their damages. No error is shown. Polis v. Alford, Tex. Civ.App., Er. Ref., 273 S.W.2d 79; 17 Tex. Jur.2d, p. 114.

Appellants' points and contentions are overruled.

Affirmed.