Grant L. ALBRIGHT, Appellant,

v.

L. E. LONG and wife, Margaret C. Long,
Appellees.

No. 7989.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 17, 1969.

Rehearing Denied Dec. 22, 1969.

Henry T. Ray, Amarillo, for appellant.

Lon Moser, Amarillo, for appellees.

DENTON, Chief Justice.

This suit was brought by appellant, Grant L. Albright, against L. E. Long and wife, Margaret C. Long, seeking to confirm the title in certain real property; to declare any lien or other interests claimed by the Longs a nullity, and for recovery of money. The Longs, by cross action, alleged a partnership interest in the property; sought to recover funds advanced to Albright; and to recover wages for services rendered Albright. The trial court rendered judgment for the cross plaintiffs for wages upon a jury verdict. The court confirmed the title to the real property in plaintiff and cross-defendant Albright, and denied cross-plaintiffs' partnership claim.

In answer to special issues submitted, the jury found: (1) Long and wife did not loan Albright $7,000.00 to be invested in the Drive-In-Market; (2) that the Longs did not loan money to Albright to pay operating expenses of the business; (3a) that there was an implied agreement to pay the Longs a reasonable salary for their labor and services for the drive-in-market;. (3b) that the reasonable value for their weekly labor and services was $75.00 per week; (3c) and services were performed for a period of 190 weeks.

■ Appellant first contends the trial court erred in not permitting appellant Albright, plaintiff below, to open and close the jury argument. Albright filed the suit to confirm title in the real property in controversy; and have declared any lien claimed by the Longs a nullity. The Longs filed a cross action seeking recovery of alleged loans alleged to Albright; and for personal services rendered. The issues submitted were issues on the Longs' cross action, and the burden of proof rested upon them. Rule 269 Texas Rules of Civil Procedure provides that the "party having the burden of proof on the whole case 'or on all matters which are submitted by the charge,' shall be entitled to open and [conclude the jury argument]." Parks v. Jones (Tex.Civ.App.) 407 S.W.2d 874; Puente v. Mata (Tex.Civ.App.) 346 S.W.2d 643 (ref. n. r. e.). The trial court properly permitted the Longs' counsel to open and close the jury argument.

■ Appellant next asserts the trial court erred in entering judgment for the appellees in the absence of a finding that appellant received any benefit for appellees' labor and services. It is undisputed both Mr. and Mrs. Long operated the liquor store 10 to 12 hours a day from August 1964 until the store was closed pursuant to an agreement of the parties in August 1968. It is also undisputed the Longs received no salary or any monetary benefits during this period. Appellant made no objection to the court's charge, therefore, he waived the right to complain for the first time on appeal. Rule 272 T.R.C.P., Wilson v. King (Tex.Civ.App.) 311 S.W.2d 957 (writ. ref.). Leatherwood v. Holland (Tex.Civ.App.) 375 S.W.2d 517 (ref. n. r. e.).

■ Appellant next takes the position the trial court erred in submitting the issues concerning an implied agreement to pay the Longs for their services. Again, appellant is faced with the fact he made no objection to the court's charge. Be that as it may, there is ample evidence such an agreement came into being. It is undisputed the Longs received $90.00 per week combined salary for approximately one year from the time the store was opened in August 1963 until August 1964. The reason for the stoppage of the Longs' wages was disputed. Albright testified he stopped paying the Longs because "they did not want a salary" for the reason Long was drawing social security, "therefore, he couldn't receive very much money, so he did not want any salary." The Longs denied this and testified in effect that their salary was stopped because the store income would not justify the salary. It is

Albright's position that he attempted to sever his relations with the Longs during this period, but without success. The arrangements between these two families are very vague and highly disputed. Mrs. Long was the mother of Mrs. Albright, however, Mrs. Albright had been adopted by another family when she was a young child. We think the pleadings and evidence are sufficient to support the finding that there was an implied agreement to pay the Longs a reasonable salary during this period.

By the next point of error appellant contends the trial court erred in failing to submit an issue to determine whether or not Albright had paid any benefits to the Longs during this period. The jury found the Longs performed the services under an implied agreement. Appellant made no objection to the court's charge and requested no special issues to support his contention. In the absence of an objection or timely request for the submission of a substantially correct issue, the alleged error, if any, is waived. Rules 272 and 273 T.R.C.P.

And finally, appellant takes the position that there was error in allowing the jury to consider evidence of a partnership which had been alleged by appellees and abandoned after the close of the evidence and before the submission of the case to the jury. Appellees, as defendants below, answered by cross action and alleged a partnership with Albright in the liquor store. They pleaded in the alternative a claim against Albright for a loan advanced and the claim for wages for services rendered. After the close of the evidence, appellees abandoned their claim of a partnership and no issues were submitted on this claim. Issues were submitted on appellees' claim of a loan and for services rendered. The jury rejected the loan claim, but found in favor of appellees for services rendered. The court's judgment thereafter confirmed title to the property in Albright, thus holding as a matter of law, the Longs held no interest or valid lien on the property. No exception was made to this portion of the judgment, and it became final.

A party's pleadings may be in the alternative, and relief of different types may be demanded. Rule 47 T.R.C.P. McKenzie v. Carte (Tex.Civ.App.) 385 S.W.2d 520 (ref. n. r. e.); Reynolds Bros., Inc. v. Dodson (Tex.Civ.App.) 380 S.W.2d 678. The evidence offered by appellees was within the framework of their pleadings. The judgment awarded the title to the real property to Albright and gave him credit for the $2,000.00 which represented the sale of the merchandise after the parties mutually agreed to close the liquor store. This is the primary relief which the appellant sought in his original suit. We fail to see how appellant was harmed by these alternative pleadings and the evidence offered to support them.

The judgment of the trial court is affirmed.