**EVANS YOUNG WYATT, INC., Appellant,**

v.

**HOOD & HALL COMPANY, Appellee.**

No. 5386.

Court of Civil Appeals of Texas, Waco.

Nov. 21, 1974.

Rehearing Denied Dec. 31, 1974.

**314**

OPINION

McDONALD, Chief Justice.

This suit arises out of a landlord-tenant dispute. Appellee Hood & Hall leased appellant Wyatt office space for 3 years by written lease dated September 9, 1970. In November 1971 appellant vacated the premises. The suit was for a deficiency in the amount of rent obtained by virtue of the reletting, the cost of renovating the premises pursuant to reletting, and for attorneys' fees, all as provided in the lease agreement. Appellant defended on the grounds it vacated the premises pursuant to an agreement with appellee amounting in law to a surrender and acceptance; and further that appellant's last check was accepted by appellee as an accord and satisfaction of appellant's obligations.

Trial was to a jury which found:

1) Appellee and appellant agreed appellee would attempt to relet the premises and credit the rental income to appellant's obligation under the lease.

2) Appellee is entitled to $6500. for unrecovered rental income.

3) Appellee reasonably spent $4000. to renovate appellant's vacated space before renting it to others.

4) Appellee and Appellant did not agree to terminate the lease and release appellant from further payments under the lease.

5) Appellee did not agree to terminate the lease by depositing appellee's $1500. check dated December 3, 1971 which contained the notation "Final payment on lease 11–71".

6) When appellant surrendered the premises to appellee, appellee did not accept the vacated premises in satisfaction of appellant's obligations to make further rental payments under the lease.

7) Appellant is entitled to $715. offset for the value of closets, parking space, carpeting and improvements appellant left in the premises when it moved.

The parties stipulated $1500. to be reasonable attorneys' fees if appellee prevailed.

The trial court rendered judgment on the verdict and stipulation for appellee for $9785. plus $1500. attorneys' fees.

Appellant appeals on 5 points contending:

1) Appellant's obligation under the lease sued on terminated by operation of law upon surrender and acceptance of the premises.

2) Under the undisputed evidence there was a complete accord and satisfaction of the obligation sued on.

3) There was no evidence to support the jury's answer to Issue 3 finding $4000. cost of renovation of the premises.

4) The jury committed misconduct in considering exhibits not admitted into evidence.

5) The form of submission of the court's charge was erroneous.

Contention 1 asserts the lease terminated as a matter of law upon surrender and acceptance of the premises.

Appellant removed from the premises prior to the end of November 1971   The

lease did not expire until August 31, 1973. When appellant removed appellee reentered the premises, took charge of same, and thereafter relet such premises.

■ For the lease to have terminated as a matter of law upon surrender and acceptance of the premises there must have been an agreement to such effect by the parties. Determination of whether there was such an agreement is for the trier of facts. Arrington v. Loveless, Tex.Civ.App. (Ft.Worth) NWH, 486 S.W.2d 604; Barret v. Heartfield, Tex.Civ.App. (Beaumont) Er. Ref., 140 S.W.2d 942.

■ Here the lease itself provides that if the "demised premises be * * * vacated by lessee, lessor shall have the right * * * to relet same for remainder of the period · covered hereby; and if rent is not received through such reletting at least equal to rent provided for hereunder, lessee shall pay and satisfy any deficiency * * * ".

Mr. Williams, President of appellee, testified that at no time did he intend to let appellant off of the lease; and appellant's exhibit 3, a letter from Mr. Williams, is to the same effect. And Mr. Wyatt's testimony is not unequivocal that surrender and acceptance of the premises terminated the lease.

The jury found in answer to Issue 4 that the parties did not agree to terminate the lease and release appellant from further payments under same; and in answer to Issue 6 found appellee did not accept the premises in satisfaction of appellant's obligations to make further rental payments under the lease. The evidence is ample to support such findings.

Contention 2 asserts under the undisputed evidence there was a complete accord and satisfaction of the obligation sued on.

When appellant moved from the premises in November 1971; (the lease had until August 31, 1973 to run); and appellant had not paid the November 1971 rent. On December 3, 1971 appellant sent appellee a check for $1500. upon which was typed *"Final payment on lease 3511 N. Hall 11-71"*. The lease provided that rental was to be paid each month in advance and when the $1500. which was one month's rent was received by appellee, appellant was in arrears for the November 1971 rent.

In Jenkins v. Beck, Tex., 449 S.W.2d 454 our Supreme Court holds that to conclusively establish a defense of accord and satisfaction one must meet the following test:

"There must be an unmistakable communication to the creditor that the tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be plain, definite and certain, * * * ; that the statement accompanying the tender of the sum less than the contract price must be so clear, full and explicit that it is not susceptible of any other interpretation."

The notation on the check which was in the exact amount of the overdue November 1971 rent is not clear, full and explicit that it was tendered in satisfaction of the 22 months rent remaining under the lease contract. The notation was susceptible of construction that it was for the November 1971 rent which was overdue. At any rate the check at best created an issue of fact which the jury resolved in its answer to Issue 5, finding that appellee did not agree to terminate the lease by depositing the December 3, 1971 check for $1500. containing the notation above. The jury's answer has ample support in the evidence.

Contention 3 asserts there is no evidence to support the jury's answer to Issue 3 finding appellee reasonably spent $4000. to renovate appellant's vacated space before renting it to others.

The lease agreement provides that the lessee shall pay lessor "all expenses incurred in reletting, including cost of renovating, altering, and decorating for new

tenant." Ms. Beene, appellee's building manager, testified that it was necessary to do certain renovations in order to relet the premises; that no remodeling was done that did not have to be done in order to relet; that no remodeling was done that she did not feel was absolutely essential; that $8014. was expended in the remodeling and renovating of appellant's space in the building. There is ample evidence to support the jury's answer to Issue 3.

■ Contention 4 asserts the trial court erred in overruling appellant's motion for mistrial based on the jury considering exhibits not admitted into evidence. This contention is related to Contention 3, and involves the jury's answer of $4000. to Issue 3. Ms. Beene testified that appellant spent $8014. to renovate the premises vacated by appellant. . The specific figures comprising the $8014. cost of renovation were contained in Exhibit 9; marked for identification, but never introduced into evidence. The Exhibit was given to the jury by the bailiff with other Exhibits admitted into evidence, carried by the jury to the jury room. Upon learning the facts appellant filed motion for a mistrial, which after hearing was overruled by the trial court.

■ One complaining about jury misconduct has the burden to prove the overt act of misconduct, that it was material misconduct, and from the record as a whole that injury probably resulted. Fountain v. Ferguson, Tex., 441 S.W.2d 506; Rule 327, Texas Rules of Civil Procedure.

Here Ms. Beene testified at some length directly from the invoices; and was examined by counsel for appellant from the invoices. Ms. Beene testified that $8014.

was spent on .renovation; and the jury answered Issue 3, $4000.

In our opinion appellant did not discharge its burden to prove probable harm. See also: Harris v. Levy, Tex.Civ.App. (El Paso) NWH, 217 S.W.2d 154; Hilker v. Agricultural Bond & Credit Corp., Tex.Civ.App. (Amarillo) Er. Dis., 96 S. W.2d 544.

Moreover the evidence presented to the trial court was conflicting as to whether the misconduct actually occurred; thus the decision of the trial court on that question is final. Fountain v. Ferguson, supra; Brawley v. Bowen, Tex., 387 S.W.2d 383.

■ Contention 5 asserts several alleged errors in the court's charge to the jury. Appellant has waived any right it may have had to complain of the court's charge by failing to comply with the requirements of Rule 272 TRCP.

We cannot consider this point because it is not properly .before us on this appeal. The transcript contains an instrument which shows that appellant dictated certain objections to the submission of this issue, but the record does not reveal that the transcribed objections were ever presented to the trial judge so that he could endorse his ruling and official signature thereon as required by Rule 272 TRCP. Barber v. Corpus Christi Bank & Trust, Tex.Civ. App. (Corpus Christi) NWH, 506 S.W.2d 254; Grabes v. Reinhard Bohle Machine Tools, Inc., Tex.Civ.App. (Corpus Christi) NRE, 381 S.W.2d 395; Charter Oak Fire Ins. Co. v. Perez, Tex.Civ.App. (Houston) NRE, 446 S.W.2d 580.

All appellant's points are overruled.

Affirmed.