Joe A. IRWIN, Appellant,

v.

Donald H. WHIRLEY et ux., Appellees.

No. 5567.

Court of Civil Appeals of Texas,
Waco.

April 29, 1976.

Opinion on Filing of Remittitur May
13, 1976.

Rehearing Denied June 3, 1976.

Wynne & Wynne, B. J. Wynne, W. Bruce Monning, Wills Point, G. Brockett Irwin, Longview, for appellant.

Weil, Craig & Fischman, P. C., Christopher M. Weil, Lawrence Fischman, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Irwin from judgment for $34,960 rendered against him, and for plaintiffs Whirley and wife, in suit for damages for fraud.

Plaintiffs Whirley and wife sued defendant Irwin for reformation and specific performance of an executory contract for deed to a lot; alternatively for damages resulting from defendant's fraud; and for $5,000 punitive damages. After plaintiffs and defendant entered a contract for purchase of land for $950 plaintiffs paid $750 installments and tendered the balance due to defendant, who did not deliver the deed. Plaintiffs filed this action seeking alternatively the remedies set out. During trial plaintiffs abandoned their plea for specific performance.

Trial was to a jury which found:

1) Plaintiffs and defendant agreed on the sale and purchase of certain property in May, 1969.

2) The description of the property contained in the contract between the parties did not correctly describe the land.

3) Defendant wilfully caused the contract to describe the land incorrectly.

5) At the time of signing the contract defendant represented to plaintiffs that he was owner of the land.

6) Such representation was false.

7) Such representation was made with the intention that plaintiffs rely on same.

8) Plaintiffs reasonably relied on such representation.

9) Plaintiffs made improvements on the property.

10) $3,970 is reasonable cash market value of such improvements.

11) In July and August, 1973 defendant represented to plaintiffs he was owner of the land subject of the May, 1969 contract.

12) Such representation was false.

13) Such representation was made with the intention plaintiffs rely on same.

15) Plaintiffs reasonably relied on same in placing improvements on the property.

16) $1200 was the fair market value of the property in July, 1973.

17) Defendant intended to defraud plaintiffs of their property rights or acted in reckless and wanton disregard of their rights in entering the contract.

18) $30,000 should be assessed against defendant as exemplary damages.

19) Plaintiffs offered to make full payment to defendant under the May, 1969 contract.

20) Plaintiffs demanded defendant perform the May, 1969 contract in 1973.

21) Plaintiffs in July or August, 1973 requested the exact amount due under the May, 1969 contract.

22) Defendant refused to give plaintiffs the exact amount due under the May, 1969 contract.

23) Defendant knew or reasonably should have known he could not convey to plaintiffs good title to the property:

a) At time of signing the May, 1969 contract.

b) At time plaintiffs requested transfer of the property in 1973.

The trial court permitted plaintiffs to file a post-verdict trial amendment requesting $30,000 exemplary damages.

The trial court rendered judgment for plaintiffs against defendant for $34,960 damages ($3,970 value of improvements; plus $1200 value of land; less $210 owed by plaintiffs; plus $30,000 exemplary damages).

Defendant appeals on 7 points contending:

1) The trial court erred in awarding judgment for improvements, purchase price and loss of bargain (The $4,960 actual damages).

2) The trial court erred in awarding judgment for punitive damages because no actual damages could properly be awarded.

3) The trial court erred in rendering judgment for punitive damages in excess of the $5,000 plead for; and erred in permitting plaintiffs to file the post-verdict trial amendment.

4) The trial court erred in submitting certain instructions in its charge.

5) The trial judge erred in failing to disqualify himself in the proceeding.

In May, 1969 defendant Irwin contracted to convey a parcel of real estate (adjoining plaintiffs' property) to plaintiffs for $950. The contract called for payments of $15.00 per month plus interest. Defendant represented that he owned the property. In 1973 plaintiffs tendered the balance due, and called on defendant to convey the property. He did not do so. He did not own the property. The jury found as detailed, and defendant has not complained of such findings.

Contention 1 complains the trial court erred in rendering judgment for plaintiffs for the $4,960 compensatory damages. Defendant asserts plaintiffs have never made a meaningful offer to reconvey the land. It is undisputed defendant did not own the property in 1969, and did not own the property in 1973. Plaintiffs have no obligation to do anything. They sued for specific performance of their contract and alternatively for damages. They abandoned their plea for specific performance, and recovered on their alternative plea, as they had a right to do. *Reynolds Bros. Inc., v. Dodson,* (Tex.Civ.App., Corpus Christi) NWH, 380 S.W.2d 678; Rule 47 TRCP; *Albright v. Long,* (Tex.Civ.App., Amarillo) NWH, 448 S.W.2d 564. The findings upon which the $4,960 damages are based have not been attacked.

Contentions 2 and 3 complain of the award of exemplary damages. Plaintiffs in their trial pleadings asked for $5,000 exemplary damages. The jury awarded $30,000 exemplary damages. The trial court permitted plaintiffs to file a post-verdict trial amendment asking for $30,000 punitive damages.

The jury found that at both the time of the contract in 1969 and at the time plaintiffs demanded conveyance, defendant knew he could not convey good title to the property; that in entering the contract he intended to defraud plaintiffs or acted in reckless and wanton disregard of their rights; that defendant falsely represented he was owner of the land and did so with the intent that plaintiffs rely thereon which they did.

Plaintiffs were entitled to exemplary damages. *Briggs v. Rodriguez* (Tex.Civ. App., San Antonio) NRE, 236 S.W.2d 510; *Tashnek v. Hefner* (Tex.Civ.App., Galveston) NRE, 282 S.W.2d 298.

The filing of a trial amendment is within the sound discretion of the trial court and unless the trial court *clearly* abu-

ses that discretion, no reversible error is shown. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760; *Milam v. Cooper Co.,* (Tex.Civ. App., Waco) NRE, 258 S.W.2d 953; *Tom's Toasted Peanuts, Inc., v. Doucette* (Tex.Civ. App., Beaumont), 469 S.W.2d 399.

 It is not shown that the trial court abused its discretion.

Contention 4 complains of alleged errors in the court's charge. This case was tried prior to the effective date of the amendment to Rule 272 TRCP.

 Defendant has waived any right it may have had to complain of the court's charge by failing to comply with the requirements of Rule 272 TRCP. Defendant did not present his objections to the trial judge so that he could endorse his ruling and signature thereon as required by Rule 272. *Evans Young Wyatt, Inc., v. Hood & Hall Co.,* (Tex.Civ.App., Waco) NRE, 517 S.W.2d 313 and cases therein cited.

 Contention 5 asserts the trial judge erred in failing to disqualify himself in this case.

After verdict and before judgment was entered defendant engaged new counsel who filed motion requesting the trial judge to disqualify himself on the grounds of bias and pecuniary interest. The trial judge (who is also Presiding Judge) assigned the motion to Judge Ted Robertson for action and disposition. Judge Robertson thereafter overruled such motion.

No error has been shown.

All defendant's points and contentions are overruled.

 However, from the record, we are of the opinion that the verdict and judgment is excessive in the sum of $20,000, and that this cause should be reversed for this reason only. Appellee is given 10 days from this date in which to file a remittitur of $20,000. Rule 440 TRCP; *Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835; *World Oil Co., Inc., v. Hicks,* Comm.Appls.Op. Adopted, 129 Tex. 297, 103 S.W.2d 962; *Caswell v. Satterwhite* (Tex.Civ.App., Waco) NRE, 277 S.W.2d 237; *Big Town Nursing Home, Inc.,*

*v. Newman* (Tex.Civ.App., Waco) NWH, 461 S.W.2d 195. If such remittitur is filed within 10 days, the judgment will be reformed and affirmed.

REVERSED AND REMANDED.

### OPINION AFTER FILING OF REMITTITUR

Appellee having filed remittitur of $20,-000.00, as suggested by former opinion of this court, the judgment of the trial court is reformed in conformity with such remittitur, and as reformed is affirmed in the amount of $14,960.00. All cost of appeal are assessed against appellant.

REFORMED AND AFFIRMED.